OPINION OF THE COURT
Frederick B. Bryant, J.
By this motion the defendant, Bangs Ambulance, Inc., seeks an order to the effect that it is a proper participant in the medical malpractice panel hearings to be conducted in this action pursuant to section 148-a of the Judiciary Law.
On March 3,1979 the plaintiff was injured in an automobile accident in Varna, Tompkins County, New York. He was taken to Tompkins County Hospital with signs of severe brain injury and other injuries. His attending physician, the defendant Dr. Juan Carlos Agostini, directed that he be taken to Arnot-Ogden Memorial Hospital in Elmira, a hospital with neurological services. The defendant, Bangs Ambulance, Inc., effected the transfer of plaintiff from Tompkins County Hospital to Arnot-Ogden Memorial Hospital. While being transported in the ambulance the plaintiff was cared for by a registered nurse and a certified emergency technician.
The plaintiff has brought action against the Tompkins County Hospital, Dr. Agostini, the attending physician, and Bangs Ambulance, Inc., asserting that he was injured because of the negligent conduct of each of the defendants in his care and treatment. Such an action is described as a “malpractice action”.
*656 Classically, “malpractice” was intended to import improper treatment or culpable neglect of a patient by a physician or surgeon. (See 45 NY Jur [rev ed], Physicians and Surgeons, § 158.) With the extension of the term “malpractice” to include the professional negligence of lawyers, architects, accountants and others, the negligence of a physician is termed “medical malpratice”. The term “medical malpractice” has been extended to include actions against hospitals based on the negligence of their employees in the care and treatment of patients.
In 1974 the Legislature provided for the establishment of medical malpractice panels in each judicial district to facilitate disposal of “medical malpractice actions”. (Judiciary Law, § 148-a.) In 1978 subdivision 1 of this section was amended by adding the words “including malpractice actions where a hospital is a named defendant”. (L1978, ch 95, § 1.) The amendment was apparently adopted to remove any doubt as to the legislative intent to include actions against hospitals based on negligent treatment within the definition of medical malpractice. (See Rosenburgh v University of Rochester [Strong Mem. Hosp.], 60 AD2d 756.)
In Musso v Westfield Mem. Hosp. (64 AD2d 851, opp dsmd 45 NY2d 834), it was held that the provisions of section 148-a of the Judiciary Law applied to hospitals. In the memorandum opinion the court included the following statement based on the Governor’s memorandum approving the 1975 amendment making the section applicable to hospitals: “The purpose of the 1975 legislation was ‘To deal comprehensively with the critical threat to the health and welfare of the State by way of diminished delivery of health care services as a result of the lack of adequate medical malpractice insurance coverage at reasonable rates’.” (Emphasis supplied.)
It was the court’s conclusion that the legislative establishment of the malpractice panels was intended to include both medical and hospital malpractice within the term “health care services”. The court held (p 852) that in deciding the applicability of section 148-a to actions against hospitals “or similar institutions, it is the nature of *657 the act rather than the character of the actor which will be determinative”.
This reasoning was followed in Calvin v Schlossman (74 AD2d 265), which held that an independent laboratory whose negligence sounding in malpractice hastened the plaintiff’s demise, was properly included in the medical malpractice panel procedure. The court stated (pp 269-270): “Users of medical services would not benefit by requiring the participation of a medical doctor in an expeditious malpractice hearing and permit the provider of a critical, interrelated service to avoid participation in the medical malpractice procedure and delay its accountability until the parties reach the trial arena”.
The same reasoning applies to the instant case. The defendant, Bangs Ambulance, Inc., is not being sued for negligence in the operation of its vehicle. It has been made a defendant pursuant to allegations that the care and treatment rendered to the plaintiff by trained, medical professionals during transfer from one hospital to another was improper. These allegations spell out “medical malpractice”. The alleged negligence of the defendant is, in • effect, a continuation of the alleged negligence of its codefendants. The acts of the defendant, through its employees, constitute the same type of “health care service” that is embraced within the term “medical malpractice.” for purposes of section 148-a of the Judiciary Law pursuant to the cases cited above.
The court holds, therefore, that the defendant Bangs Ambulance, Inc., is entitled to participate in the medical malpractice proceeding to the same extent and subject to the same conditions as its codefendants. The motion is granted.