MICHAEL LYON, a Minor by his Parent and Next Friend, Letitia Lyon, Plaintiff-Appellant, v. HASBRO INDUSTRIES, INC., Defendant (Ed Piraino, d/b/a Arrow Medical Services, Defendant-Appellee).

Fourth District   No. 4—86—0742

Opinion filed June 8, 1987.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellant.

John D. Dodson, of Dodson & Mann Law Offices, of Champaign, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff appeals the dismissal of count V of his complaint for failure to comply with section 2—622 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—622). He argues that count V of the complaint did not sound in healing art malpractice, the section is being applied retroactively, and the trial court erred in dismissing count V of his complaint in its entirety.

We affirm in part, reverse in part, and remand with directions.

On May 16, 1986, plaintiff, Michael Lyon, through his mother,

filed a multicount complaint against Hasbro Industries, Inc., and defendant, Arrow Medical Services. Count V alleged that plaintiff, at the time of the incident, was a 15-month-old infant who had suffered severe injuries after swallowing a small toy peg. He was in a life-threatening situation and needed transportation from Burnham City Hospital in Champaign to Children's Memorial Hospital in Chicago. On July 26, 1977, defendant was called to transport plaintiff.

Plaintiff alleged defendant was under two duties of care: First, defendant had a duty to adequately service and maintain its emergency vehicles, thus preventing malfunctions; and second, defendant had a duty to equip its emergency vehicles with life-support equipment adequate to handle foreseeable emergencies. Plaintiff alleged that defendant used a Winnebago van to transport plaintiff. The van was not equipped with "any of the essential life-saving equipment necessary and precautionary" to safeguard plaintiff during the trip. The van, which had been idling outside of the hospital for two hours, broke down six blocks from the hospital. Plaintiff alleged that defendant was negligent in failing to: (a) provide adequate transportation; (b) provide adequate medical equipment; (c) adequately service the van; and (d) provide back-up transportation. Plaintiff suffered a cardiac arrest, and defendant was unable to handle the emergency.

Plaintiff filed a motion for leave to file a late affidavit stating that he believed the complaint sounded in simple negligence, not healing art malpractice. However, if the court found the complaint sounded in healing art malpractice, plaintiff asked to file an affidavit complying with section 2—622(a)(2) of the Code. Subsequently, defendant filed a motion to dismiss asserting the complaint failed to comply with section 2—622 of the Code.

At a hearing on the motion, the court found that the complaint contained two disparate allegations of negligence. The court noted that the negligent transportation alleged would not fall under section 2—622 of the Code. However, a negligent failure to provide adequate equipment fell under the healing art provision. The trial judge then stated that the requirements of section 2—622 of the Code were to be followed. However, he granted plaintiff's motion to file a late affidavit and gave plaintiff additional time to fully comply with section 2—622 of the Code. Plaintiff's counsel filed an affidavit stating he was unable to consult with a physician as provided in subsection (a)(1) because the statute of limitations would impair the action. Subsequently, defendant filed an additional motion to dismiss for failure to file a certificate and written report as provided in sec-

tion 2—622(a)(2) of the Code. The court granted this motion and dismissed count V in its entirety.

The appellate record was supplemented with plaintiff's mother's deposition. She stated that, although the van had the words "rescue unit" painted on it, it did not contain any medical equipment.

Section 2—622 of the Code states in part:

"Healing art malpractice. (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff *** shall file an affidavit *** declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved *** [and] that the reviewing health professional has determined in a written report *** that there is a reasonable and meritorious cause for the filing of such action ***.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1.

* * *

(g) The failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619.

(h) This Section does not apply to or affect any actions pending at the time of its effective date, but applies to cases filed on or after its effective date." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.)

Section 2—1704 of the Code states:

"Medical Malpractice Action. As used in this Part, 'medical malpractice action' means any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice. The term 'healing art' shall not include care and treatment by spiritual means through prayer in accord with the tenets and practices of a recognized church or

religious denomination." Ill. Rev. Stat. 1985, ch. 110, par. 2—1704.

Initially, plaintiff argues that section 2—622 of the Code is inapplicable to the allegations of negligence contained in count V. Plaintiff maintains that the term "healing art malpractice" should be interpreted as applying only to licensed health-care professionals and does not include ambulance services. Defendant argues that the term should be given a broad interpretation.

The scope of the term "healing art malpractice" has not been interpreted by the courts. However, other malpractice provisions have been reviewed. In *Bernier v. Burris* (1986), 113 Ill. 2d 219, 229, 497 N.E.2d 763, 768, the court stated that the legislative history demonstrates that the provisions were enacted as a response to a perceived crisis in medical malpractice. The court declared certain provisions dealing with healing art malpractice unconstitutional. It did not address the constitutionality of section 2—622 of the Code. However, the court noted that section 2—622 of the Code applied to "what is termed 'healing art' malpractice, a broad category that is not confined to actions against physicians and hospitals, but rather, as some of the provisions indicate, may also include actions against other health professionals such as dentists or psychologists." *Bernier v. Burris* (1986), 113 Ill. 2d 219, 226-27, 497 N.E.2d 763, 767.

Section 2—622 of the Code states that it applies to all actions in which plaintiff seeks recovery for "medical, hospital, or other healing art malpractice." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.) Section 2—622(a)(1) of the Code refers to review of the action by a "health professional." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).) Section 2—1704 of the Code repeats the language of section 2—622 of the Code and specifically states that the term "healing art" does not include faith healing. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1704.) The phrase is not otherwise defined.

"Healing" is defined as: "The restoration to a normal mental or physical condition ***." (Taber's Cyclopedic Medical Dictionary 725 (15th ed. 1985).) "Art" is defined as a skill acquired by experience, study, or observation and as a branch of learning. (Webster's Ninth New Collegiate Dictionary 105 (1986).) "Malpractice" is defined as incorrect or negligent treatment of the patient by a person responsible for his health care. (Taber's Cyclopedic Medical Dictionary 1001 (15th ed. 1985).) It is also defined as a dereliction from a professional duty or a failure to exercise an adequate degree of care in rendering service. Webster's Ninth New Collegiate Dictionary 721 (1986).

■■ ■ Interpretation and construction of statutes are governed by the principle that the legislature's intent should be ascertained and given effect. (*Benjamin v. Cablevision Programming Investments* (1986), 114 Ill. 2d 150, 499 N.E.2d 1309.) In determining legislative intent, consideration must be given to the entire statute, its nature, object, and purpose. If the intent of the legislature can be ascertained from the language of the statute, then that intent will prevail without resort to construction aids. (*Benjamin v. Cablevision Programming Investments* (1986), 114 Ill. 2d 150, 499 N.E.2d 1309.) The language of the statute should be given its plain and ordinary meaning. (*Coldwell Banker Residential Real Estate Services of Illinois, Inc. v. Clayton* (1985), 105 Ill. 2d 389, 475 N.E.2d 536.) We note also that under the concept of *ejusdem generis*, when a statutory clause specifically describes several classes of persons or things and then includes a general statement of "other" persons or things, the "other" is interpreted as "other such as" the specifically enumerated class. *Coldwell Banker Residential Real Estate Services of Illinois, Inc. v. Clayton* (1985), 105 Ill. 2d 389, 475 N.E.2d 536.

■ Considering the above principles, we find that the term "healing art malpractice" is broad in scope. In the instant case, it includes allegations of negligence in providing adequate equipment for foreseeable emergencies during transportation by ambulance. Plaintiff argues that the term should be limited to the negligence by health-care professionals, relying on the language of *Bernier*.

The *Bernier* court stated that the statutory language may include health professionals other than medical doctors. However, it did not limit the application of the healing art provisions to health professionals. The statute specifically includes hospitals in the coverage of its provisions. A hospital is not a health-care professional, although it provides related health-care services. It is also licensed and regulated by the State. Therefore, under principles of statutory construction, "healing art" could include negligence by a licensed health-care service and need not be limited to a licensed professional practitioner. The phrase "healing art" by definition implies an entire branch of learning dealing with the restoration of physical or mental health. Malpractice implies the lack of skill in practicing the art or profession. Thus, the phrase may be interpreted as broad enough to cover negligence in the interrelated health-care services. Additionally, we note that ambulance services are licensed by the State and regulated through the Emergency Medical Services (EMS) Systems Act (Ill. Rev. Stat. 1985, ch. 111½, par. 5501 *et seq.*).

■ The ambulance service in the instant case had both a duty

to provide adequate transportation for its client and a duty to provide equipment necessary and precautionary to render emergency medical care to its client during the transportation. (See *Brooks v. Herndon Ambulance Service, Inc.* (Fla. App. 1985), 475 So. 2d 1319, 1321; *Sigmon v. County of Thomkins* (1982), 113 Misc. 2d 655, 449 N.Y.S.2d 621.) Count V contained an allegation of a failure to adequately maintain and service the ambulance as a vehicle. We agree that this allegation is not encompassed within section 2—622 of the Code. Thus, the trial court erred in dismissing count V in its entirety.

■ A more difficult question is presented by the allegation of a failure to adequately equip the ambulance. The nature of the negligent act alleged should determine whether the activities of the ambulance service fall within the term "healing art malpractice." (*Sigmon v. County of Thomkins* (1982), 113 Misc. 2d 655, 449 N.Y.S.2d 621.) Here, it is alleged that the equipment necessary and precautionary to treat a person in plaintiff's condition was lacking. The duty to provide equipment necessary to facilitate emergency health care is thus at issue. The determination of which equipment is necessary and precautionary to meet a person in plaintiff's condition's needs is inherently one of medical judgment. The negligence alleged is in an intrinsic part of the provision of the facilities for emergency health care. We believe the allegation that defendant failed to adequately equip its ambulance thus falls within the ambit of the term "healing art malpractice" and section 2—622 of the Code. It was necessary for plaintiff to provide a physician's affidavit stating that a meritorious cause of action under the facts of the instant cause existed.

Plaintiff argues that even if section 2—622 of the Code applies, the negligence alleged is within the knowledge of ordinary jurors. Therefore, no expert evaluation would be needed at trial. Since expert testimony would not be necessary to prove negligence at trial, plaintiff maintains that the lack of an affidavit from an expert at the pleading stage should not subject the cause to dismissal under section 2—622 of the Code.

We disagree. The legislative history of section 2—622 of the Code reveals that its purpose was to eliminate frivolous lawsuits at the pleadings stage. (84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 406 (Representative Hawkinson).) Thus, that expert testimony would not be needed at trial to establish negligence does not address the necessity of complying with the provisions contained in section 2—622 of the Code at the pleading stage. Section 2—622

states that it applies in any action. Ill. Rev. Stat. 1985, ch. 110, par. 2—622.

■ Plaintiff next argues that section 2—622 of the Code is being applied retroactively. Defendant argues that an action refiled under section 13—217 of the Code is a new action. Therefore, the provisions of section 2—622 of the Code, which were effective on August 15, 1985, apply. The instant cause of action arose in 1977. Plaintiff filed an action in 1982 but took a voluntary dismissal. He refiled pursuant to the provisions of section 13—217 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 13—217). Section 13—217 provides that after a voluntary dismissal, the plaintiff may file "a new action" within a year or the remaining period of limitation. (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.) Thus, under the language of section 13—217 of the Code, the complaint here was a new action, filed after the effective date of section 2—622 of the Code.

Essentially, plaintiff argues that the application of section 2—622 of the Code is unfair because this action accrued prior to the effective date of section 2—622 of the Code. During the legislative debates, it was suggested that the provision be changed to apply to the actions accruing after the effective date. This suggestion was specifically rejected. Representative Daniels stated that the filing date of the action was determined to be the cut-off point. (84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 403 (Representative Daniels).) Section 2—622 of the Code is not being applied retroactively in the instant case.

For the above reasons, we affirm that portion of the trial court's order which dismissed the allegations of a failure to adequately equip the ambulance with necessary and precautionary equipment because plaintiff failed to comply with section 2—622 of the Code. However, we remand the cause to the trial court with directions that plaintiff be allowed 30 days after the issuance of the mandate of this court to replead his allegations of negligent transportation due to a failure to mechanically maintain the ambulance.

Affirmed in part, reversed in part, and remanded with directions.

GREEN and LUND, JJ., concur.