ROSALIE M. OWENS, Guardian of the Estate of Clifton Owens, a Disabled Person, Plaintiff-Appellant, v. MANOR HEALTH CARE CORPORATION, d/b/a Americana Health Care Center, Defendant-Appellee.

Fourth District   No. 4—87—0084

Opinion filed August 24, 1987.

Richard B. Opsahl, of Rantoul, for appellant.

Robert P. Moore and David R. Moore, both of Law Offices of Robert P. Moore, P.C., of Champaign, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The plaintiff brought suit against defendant, a nursing home, alleging failure to provide adequate supervision and care. On January 22, 1987, plaintiff's complaint was dismissed with prejudice for failure to comply with section 2—622 of the Code of Civil Procedure. Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1).

On appeal, the plaintiff maintains that the trial court erred in holding defendant nursing home within the "healing art malpractice" provision, section 2—622 is constitutional, and the complaint was not in substantial compliance with section 2—622.

We reverse and remand.

On October 10, 1985, plaintiff, Rosalie M. Owens, guardian of Clifton Owens, filed a complaint in the circuit court of Champaign County, Illinois, against defendant, Manor Health Care Corp., d/b/a Americana Health Care Center. Plaintiff alleged that on October 21, 1983, Clifton Owens was injured due to the negligence of the defendant. The injury occurred when Owens, a resident of the defendant's facility who was negligently restrained in his wheelchair, attempted to remove himself from his chair. Owens suffered a broken hip and other injuries as a result of the incident.

Attached to the complaint was an affidavit of the plaintiff's attorney stating that he had consulted with the health-care professional who determined plaintiff had "a reasonable and meritorious" cause of action. The affidavit further stated it was not to be "construed as an admission that this case is subject to the provisions of Public Act 84—7."

On December 13, 1985, the defendant filed a motion to dismiss alleging failure to comply with section 2—622 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.) Specifically, the defendant asserted that plaintiff failed to attach the written report of the health professional to the complaint, thereby rendering the entire complaint defective. Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g).

In response, plaintiff filed a motion to strike claiming: (1) section 2—622 applies only to healing art malpractice, which does not encompass shelter care; (2) section 2—622 is unconstitutional. Additionally, plaintiff filed a motion to attach the physician's written report to the complaint.

On January 22, 1986, the court granted the defendant's motion to dismiss with prejudice. The court found that the defendant fell within section 2—622 of the Illinois Code of Civil Procedure as a "healing art profession" and that plaintiff had failed to comply with the mandates of section 2—622.

The plaintiff maintains that shelter care or nursing homes were not contemplated by the legislature as being within the purview of section 2—622. Since nursing homes are custodial facilities and not engaged in the diagnosis, care, and treatment of human ailments, the plaintiff claims they are not a healing art profession.

Section 2—622 of the Code of Civil Procedure provides in pertinent part:

> "Healing art malpractice. (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, *** shall file an affidavit *** declaring one of the following:
>
> 1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes is knowledgeable in the relevant issues involved *** [and] that the reviewing health professional has determined in a written report *** that there is a reasonable and meritorious cause for the filing of such action. ***
>
> 2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with a certificate required by paragraph 1.
> * * *
> (g) The failure to file a certificate required by this section shall be grounds for dismissal under Section 2—619." Ill. Rev. Stat. 1985, ch. 110, par. 2—622.

Section 2—1704 of the Code states:

> "Medical Malpractice Action. As used in this Part, 'medical malpractice action' means any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice. The term 'healing art' shall not include care and

treatment by spiritual means through prayer in accord with the tenets and practices of a recognized church or religious denomination." Ill. Rev. Stat. 1985, ch. 110, par. 2—1704.

■■■ The interpretation and construction of statutory provisions are governed by the fundamental principle that the legislature's intent should be ascertained and given full effect. (*Benjamin v. Cablevision Programming Investments* (1986), 114 Ill. 2d 150, 157, 499 N.E.2d 1309, 1313.) In determining the legislative intent, consideration must be given to the entire statute, its nature, object, purpose to be attained, and evil to be remedied. If the intent of the legislature can be ascertained from the language of the statute, then that intent will prevail without resort to extrinsic aids for construction. (114 Ill. 2d 150, 157, 499 N.E.2d 1309, 1313.) The language of a statute should be given its plain and ordinary meaning. *Coldwell Banker Residential Real Estate Services of Illinois, Inc. v. Clayton* (1985), 105 Ill. 2d 389, 475 N.E.2d 536.

■■ The new medical malpractice provisions, adopted in 1985, were enacted to remedy a perceived crisis in the area of medical malpractice. (*Bernier v. Burris* (1986), 113 Ill. 2d 219, 229, 497 N.E.2d 763, 768; see also Comment, *The Medical Malpractice Reform Act of 1985: Legislative Surgery Prescribed to Save Illinois Review Panels*, 19 J. Marshall L. Rev. 637 (1986).) The specific purpose of section 2— 622 was to eliminate frivolous lawsuits at the pleading stage. 84th Ill. Gen. Assem., House Proceedings, May 23, 1985, at 406 (Rep. Hawkinson).

In *Bernier*, the Illinois Supreme Court addressed the constitutionality of certain provisions dealing with healing art malpractice. While the constitutionality of section 2—622 was not at issue, the court noted that section 2—622 is "applicable to actions for what is termed 'healing art' malpractice, a broad category that is not confined to actions against physicians and hospitals but rather, as some of the provisions indicate, may also include actions against other health professionals such as dentists or psychologists." *Bernier v. Burris* (1986), 113 Ill. 2d 219, 226-27, 497 N.E.2d 763, 767.

This court has recently addressed the scope of the term "healing art malpractice." (*Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649.) In *Lyon*, based upon principles of statutory construction, we deemed the term "healing art malpractice" to have a broad application encompassing the "entire branch of learning dealing with the restoration of physical or mental health." *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 654.

Relying upon the specific terminology at issue, this court noted:

" 'Healing' is defined as: 'The restoration to a normal mental or physical condition \*\*\*.' (Taber's Cyclopedic Medical Dictionary 725 (15th ed. 1985).) 'Art' is defined as a skill acquired by experience, study, or observation and as a branch of learning. (Webster's Ninth New Collegiate Dictionary 105 (1986).) 'Malpractice' is defined as incorrect or negligent treatment of the patient by a person responsible for his health care. (Taber's Cyclopedic Medical Dictionary 1001 (15th ed. 1985).) It is also defined as a dereliction from a professional duty or a failure to exercise an adequate degree of care in rendering service. Webster's Ninth New Collegiate Dictionary 721 (1986)." *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 653.

*Lyon* involved an action against an ambulance service. The complaint alleged breach of two separate duties of care: (1) failure to adequately service and maintain the emergency vehicle; (2) failure to adequately equip the emergency vehicle with life support equipment to handle foreseeable emergencies. We ultimately determined that the first claim did not fall within the purview of the act, but the second did sound in healing art malpractice. Noting that the "nature of the negligent act" alleged should determine whether the activity constitutes healing art malpractice, we recognized that "[t]he determination of which equipment is necessary and precautionary to meet a person in plaintiff's condition's needs is *inherently one of medical judgment.*" (Emphasis added.) *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 655.

The plaintiff herein alleged six negligent acts or omissions which proximately caused the injury: (1) failure to provide adequate supervision; (2) failure to attend to the needs of plaintiff; (3) failure to use that degree of skill required for shelter care as is customary in cases of like kind in the relevant community; (4) failure to restrain plaintiff when such restraint had been ordered by plaintiff's personal physician; (5) failure to provide a posy belt restraint; and (6) negligently allowing plaintiff to remove himself from his wheelchair.

■ Initially, we note that the defendant was not engaged in a "healing art" with respect to this particular patient. The plaintiff was not in a condition whereby he was being medically treated to restore him to a normal physical or mental state. Custodial shelter care must be distinguished from medical treatment. The specific act alleged does not arise from medical diagnosis or treatment. The plaintiff merely fell as he attempted to remove himself from his wheelchair. Expert testimony from a health-care professional is not required to assess the acts of the defendant. The determination to be made is not inherently

one of medical judgment. Consequently, the complaint sounds in ordinary negligence, contrary to defendant's suggestion that the nursing home's alleged acts sound in "healing art malpractice" under section 2—622.

It is the policy of section 2—622 to eliminate frivolous medical malpractice lawsuits at the pleading stage. While the term "healing art malpractice" must be construed broadly within the health-care profession, only those cases that require expert analysis of a medical condition, treatment procedure, or diagnosis need comply with section 2—622. Where ordinary negligence is alleged, there is no need to comply with the strict pleading requirements of section 2—622. Since plaintiff's cause of action sounds in ordinary negligence, we reverse and remand this cause to the trial court. Based upon our disposition of this matter, we find it unnecessary to address the remaining issues raised.

Reversed and remanded.

LUND and KNECHT, JJ., concur.