PATRICIA A. MOONEY, Plaintiff-Appellee, v. GRAHAM HOSPITAL AS-SOCIATION, Defendant-Appellant.

Third District   No. 3—86—0734

Opinion filed September 18, 1987.

Ronald Weber, of Froehling, Taylor & Weber, of Canton (Ralph Froehling, of counsel), for appellant.

Joseph R. Napoli, of Peoria (Nile J. Williamson, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff, Patricia Mooney, filed a complaint against defendant, Graham Hospital Association, seeking to recover damages for an injury she allegedly sustained while she was a patient in the hospital. The trial court denied defendant's motion to dismiss plaintiff's amended complaint. The trial court then certified a question of law to this court pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308).

Plaintiff was admitted to Graham Hospital on January 31, 1984. On February 3, 1984, the plaintiff underwent surgery for a urological problem. After the surgery, plaintiff's physician wrote an order on her chart indicating that she could get up to go to the bathroom anytime she wished.

On February 9, 1984, at 3:10 a.m., nurse Margaret Gray noticed the call light from plaintiff's room was on. Nurse Grey entered the room, noticed that plaintiff's bed was empty, and then found Mrs. Mooney lying on the floor. The other patient in the room did not

know that Mrs. Mooney had fallen until plaintiff shouted at her to turn the call light on. After another nurse arrived, they checked the plaintiff for injuries and blanket-lifted her back into bed.

In her deposition, Nurse Gray stated that she asked plaintiff if she was alright and Mrs. Mooney responded by saying that she had gotten weak and had just fallen to the floor. Mrs. Mooney then allegedly told Nurse Gray that she thought she could go to the bathroom by herself and that she had gotten up on the edge of the bed, but felt weak, and more or less slid onto the floor. Nurse Gray stated that plaintiff told the other nurses that she never made it to the bathroom, hence she wanted to use a bedpan and they obtained one for that purpose.

Mrs. Mooney in her written answers to interrogatories described her fall as follows:

"I am not sure of the exact time, it was early in the morning. I was going to the bathroom and on the way back, I slipped in something and fell on my hip and injuring the hip and could not get up due to severe pain. After a long period of time, I yelled for help and nobody came in, I woke up my roommate and she put on the light. Finally the nurses came in and they lifted and got a sheet to [put] me on and put me into bed.

Something was spilled on the floor. Urine or water was spilled on the floor. They failed to inspect the floor to keep the liquid off. They failed to come when I called for quite a long time."

Plaintiff's original complaint alleged that while she was an inpatient at defendant's hospital the defendant was negligent in: (1) allowing water or liquid to accumulate near plaintiff's bed, causing a dangerous condition; (2) failing to inspect the area and remove the dangerous conditions; and (3) and in failing to warn plaintiff of the accumulation of water or liquid. On January 24, 1986, the trial court granted defendant's motion to dismiss the complaint based on the failure to file a health professional affidavit or certificate required by section 2—622 of the Code of Civil Procedure (Code) (Ill. Rev Stat. 1985, ch. 110, par. 2—622). In dismissing the case, the trial court stated that "it would appear that evidence of the status of plaintiff insofar as the duty of defendant to plaintiff and insofar as the proximate cause of her injury in relation to the alleged specific acts of negligence convert this cause into the healing art malpractice class of cases at any point in time when plaintiff's status is related to defendant's alleged negligence in a way not common to any other business invitee, e.g., a delivery man."

Plaintiff then filed an amended complaint in which she changed her status from that of an inpatient to that of a person on the hospital premises confined to a bed. Plaintiff added an additional charge that defendant failed to post warning signs and also alleged that her action was also brought pursuant to the Premises Liability Act, which the trial court held did not apply to this action. Ill. Rev. Stat. 1985, ch. 80, par. 301.

The defendant moved to dismiss the amended complaint again based on the lack of the section 2—622 certification, but the trial court denied the motion without any letter or memorandum. The trial court then certified the following question of law for interlocutory appeal:

"May a post-operative patient who states she fell while going to the bathroom because there was water or urine on the floor, whose medical status is relevant in terms of the standard of care required of treating nurses, avoid the certification requirement by a health professional by urging she was merely confined to a bed on the premises."

Defendant argues on appeal that plaintiff's cause of action constitutes a medical malpractice action which is governed by section 2—622, the medical practice act. (Ill. Rev. Stat. 1985, ch. 110 , par. 2—622.) Defendant claims that plaintiff's amended complaint should be dismissed because she failed to provide an affidavit from a health professional stating that there is a reasonable and meritorious cause for filing such action. Ill. Rev. Stat. 1985, ch. 110, par. 2—622.

Defendant claims that the alleged defects in care are intimately involved with plaintiff's medical status. Defendant contends that in order to establish a standard of care the plaintiff would have to show the frequency with which the hospital should inspect or clean the floor in a patient's room. This would depend upon what other hospitals do in similar kinds of circumstances and would have to be established by expert testimony because it is beyond the knowledge of common lay persons, according to defendant. *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 491 N.E.2d 803.

■ The first canon of statutory interpretation is to ascertain and give effect to the legislative intent as expressed in the statute. (*City of East Peoria v. Group Five Development Co.* (1981), 87 Ill. 2d 42, 46, 429 N.E.2d 492, 494.) If the legislative intent can be ascertained from the language of the statute, the language prevails and will be given effect; a court may not declare that the legislature did not mean what the plain language of the statute imports. *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350.

Section 2—622 of the Code provides in part:

"Healing art malpractice. (a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following ***." (Ill. Rev. Stat. 1985, ch. 110, par. 2—622.)

Section 2—1704 of the Code states:

"Medical Malpractice Action. As used in this Part, "medical malpractice action" means any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice. The term "healing art" shall not include care and treatment by spiritual means through prayer in accord with the tenets and practices of a recognized church or religious denomination." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1704.)

Section 2—622 of the Code speaks only in terms of "medical, hospital, or healing art malpractice." Generally, expert testimony is necessary to establish the standard of care in a medical malpractice action because the jurors are not skilled in the practice of medicine. (*Walski v. Tiesenga* (1978), 72 Ill. 2d 249, 381 N.E.2d 279.) In *Bernier v. Burris* (1986), 113 Ill. 2d 219, 226-27, 497 N.E.2d 763, 767, the supreme court noted that section 2—622 is applicable "to actions for what is termed 'healing art' malpractice, a broad category that is not confined to actions against physicians and hospitals but rather, as some of the provisions indicate, may also include actions against other health professionals such as dentists or psychologists." Despite this broad interpretation of the term "healing art," we do not believe that section 2—622 of the Code was intended to cover ordinary premises liability claims.

■ A review of the record reveals that the basic allegation against the defendant in plaintiff's amended complaint is that the defendant negligently allowed the accumulation of water or urine on its floor, which caused the fall and the consequent injuries to the plaintiff. Plaintiff does not allege that her fall was the result of improper care by the nurses, improper procedures followed by the hospital, or that her fall was related to her prior surgery. In addition, plaintiff does not allege medical, hospital or healing art malpractice on behalf of the defendant. We find plaintiff's status to be that of a business-invitee, to whom the owner or occupier of the premises owes

the duty of exercising ordinary and reasonable care to see that the premises are reasonably safe. See *Mock v. Sears, Roebuck & Co.* (1981), 101 Ill. App. 3d 103, 427 N.E.2d 872.

Defendant's reliance on *Taylor v. City of Beardstown* (1986), 142 Ill. App. 3d 584, 491 N.E.2d 803, for the proposition that a "healing art" standard of care is involved here is misplaced. In *Taylor*, plaintiff's fall was related to the fact that he was suffering from dizziness and lack of balance. In addition, the *Taylor* court premised its holding on the fact that plaintiff's cause of action focused on a lack of supervision, and specifically a lack of restraints in light of plaintiff's medical condition. The *Taylor* court stated that "[t]he decision of how and when to restrain someone [who is injured] *** [is not] within the everyday knowledge and experience of most lay persons. It may indeed take some expert knowledge, skill, or training to determine when the final step of physical restraint should be undertaken." 142 Ill. App. 3d 584, 594, 491 N.E.2d 803, 810.

Defendant also cites *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 509 N.E.2d 702, in support of its position. In that case the plaintiff was a 15-month-old infant who had suffered severe injuries after swallowing a small toy peg. He was in a life-threatening situation and needed transportation to a hospital by defendant ambulance company. The emergency vehicle broke down before arriving at the hospital. In *Lyons* the pleadings provided as follows:

> "Plaintiff alleged defendant was under two duties of care: First, defendant had a duty to adequately service and maintain its emergency vehicles, thus preventing malfunctions; and second, defendant had a duty to equip its emergency vehicles with life-support equipment adequate to handle foreseeable emergencies." (156 Ill. App. 3d 649, 651, 509 N.E.2d 702, 704.)

While the court held the alleged duty to equip defendant's vehicles with life-support equipment adequate to handle foreseeable emergencies was subject to compliance with section 2—622(a)(2) of the Code, the court held that the duty to adequately service and maintain such emergency vehicles was not within the ambit of such section. It sounded in simple negligence and not healing art malpractice. This is exactly the situation posed by the facts and pleadings in this case.

■ In the case at bar, the plaintiff was given permission to walk to the bathroom on her own whenever she wished. Plaintiff did not allege that her fall was the result of improper advice or the lack of procedures regulating how such permission is given. We hold that the certification requirement by a health care professional required by the medical malpractice act is not applicable to the instant case, where

the plaintiff simply alleged that she fell as a result of the ordinary common law negligence of the hospital. The pleadings are quite clear that this is, at the present time, the familiar "slip and fall" case, and not one of medical malpractice.

■ As long as the standard of care which a plaintiff is attempting to establish is not related to a patient's treatment or the hospital's medical standard of care, we find that the certification requirement of section 2—622 is inapplicable. If the plaintiff attempts to change the nature of the allegations or attempts to introduce expert testimony regarding a "healing art" standard of care at trial, the court can either limit the testimony or take appropriate action at that point.

For the foregoing reasons, the judgment of the circuit court of Fulton County denying defendant's motion to dismiss is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.