NANCY C. BLOOM, Plaintiff-Appellant, v. RUTH K. GUTH, Defendant-Appellee.

Second District· No. 2—87—0267

Opinion filed December 30, 1987.—Modified on denial of rehearing February 4, 1988.

476

Paul E. Hamer, of Northbrook, for appellant.

Brydges, Riseborough, Morris, Franke & Miller, of Waukegan (John H. Krackenberger, of counsel), for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Nancy C. Bloom, appeals from orders of the trial court which dismissed her complaint for failure to comply with section 2—622 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—622), which requires that in medical malpractice actions, plaintiff or her attorney file an affidavit stating that, based on consultation with a health professional, there is a "reasonable and meritorious" cause for filing the action.

On February 7, 1986, plaintiff filed a five-count complaint against defendant, Ruth K. Guth, M.D., which alleged, *inter alia*, that defendant failed to perform a hysterectomy on plaintiff and failed to repair her bladder. Count I of the complaint sounded in negligent misrepresentation; count II alleged fraud; count III sought recovery for breach of contract; count IV alleged a violation of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1985, ch. 121½, par. 261 *et seq.*); and count V was for breach of an express warranty. In each count, plaintiff sought recovery of compensatory damages, punitive damages, and attorney fees.

Defendant moved for involuntary dismissal pursuant to section 2—622 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—622) and also moved to strike and dismiss the allegations of plaintiff's complaint which sought punitive damages, damages for pain and suffering, and attorney fees. In response to defendant's motion, plaintiff's counsel submitted an affidavit in opposition which stated that he was unable to obtain an expert who would prepare an affidavit that defendant had committed medical malpractice, but he believed that a breach of contract cause of action was proper. Plaintiff also submitted a memorandum of law to the trial court in support of her position that punitive damages, damages for pain and suffering, and the award of attorney fees was proper.

The trial court subsequently entered an order dismissing plaintiff's complaint pursuant to section 2—619 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), for failure to comply with section 2—622 of the Civil Practice Law. Plaintiff's motion for rehearing alleged that section 2—622 was unconstitutional on a number of grounds; it was denied by the trial court, and this appeal followed.

■ Plaintiff contends that section 2—622 of the Civil Practice Law does not apply to this case, arguing that this is not a medical malpractice action, but rather is an action sounding in contract. However, that argument is contrary to the plain language of section 2—622(a), which states that an affidavit of plaintiff or plaintiff's attorney is required "[i]n any action, whether in tort, contract, or otherwise, in

which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a).

Plaintiff cites *Mooney v. Graham Hospital Association* (1987), 160 Ill. App. 3d 376, 513 N.E.2d 633, to support her argument. We find *Mooney* must be distinguished. There, in what was essentially a slip and fall case, the court held that the term "healing art" does not encompass ordinary premises liability claims and, therefore, the affidavit requirement was not applicable. (160 Ill. App. 3d at 380-81.) The facts in the present case, however, are quite different, as plaintiff's complaint alleged that defendant failed to perform a hysterectomy and failed to repair plaintiff's bladder. We conclude that these allegations describe conduct well within the plain and ordinary meaning of "healing art malpractice" (see *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 653, 509 N.E.2d 702) and subject plaintiff's complaint to the affidavit requirement of section 2—622.

■ Plaintiff next contends that section 2—622 is unconstitutional based on a number of grounds. In *Bernier v. Burris* (1986), 113 Ill. 2d 219, 497 N.E.2d 763, our supreme court examined the constitutionality of some of the provisions of the medical malpractice legislation of which section 2—622 is a part. The court noted that there is a strong presumption that the legislation is constitutional, and a party asserting otherwise has the burden of clearly establishing a constitutional violation. 113 Ill. 2d at 227.

■ Plaintiff asserts that section 2—622 denies the medical patient due process and equal protection of the law. The standard for determining plaintiff's due process and equal protection objections is the rational-basis test. If the legislation bears a rational relationship to a legitimate governmental purpose, then it does not violate a person's right to due process and equal protection. (*Bernier v. Burris* (1986), 113 Ill. 2d 219, 228-29, 497 N.E.2d 763.) The purpose of section 2—622 is to eliminate frivolous lawsuits at the pleading stage (*Lyon*, 156 Ill. App. 3d at 655), which we find to be a legitimate governmental purpose which section 2—622 is rationally related to achieving.

Plaintiff also suggests that section 2—622 violates the State constitutional prohibition against special legislation. Applying the same general standard utilized for due process and equal protection purposes (*Bernier*, 113 Ill. 2d at 228), we find that a legitimate governmental purpose is served by section 2—622.

Plaintiff also contends that section 2—622 unconstitutionally impairs the obligation of contracts in violation of the Federal and State

Constitutions (U.S. Const., art. I, §10; Ill. Const. 1970, art. I, §16), deprives her of a jury trial in violation of the Illinois Constitution (Ill. Const. 1970, art. I, §13), and denies her the right to recover for injuries received to her person (Ill. Const. 1970, art. I, §12). We do not agree.

■■ We note that plaintiff cites no relevant authority which bears on the facts of this case, and asserts deprivation of these constitutional rights with little analysis as to how they have been infringed upon by section 2—622. We conclude that the stated constitutional rights have not been infringed upon by the pleading requirement in issue, which establishes a procedure for eliminating frivolous cases from the court dockets. In our view, there is no infringement of the constitution because the right to maintain a *bona fide* medical malpractice action is not curtailed by section 2—622, which merely establishes a reasonable procedure designed to summarily dispose of meritless cases. The difficulty with the plaintiff's constitutional arguments here is that they presume that the cause of action is to be tried on the affidavit that must be filed under section 2—622. The statute, however, does not prevent the bringing of a meritorious action, whether based on contract or tort, nor does it inhibit the trial by jury of factual issues that may arise in such a case.

■■ Plaintiff further contends that section 2—622 violates the Illinois Constitution (Ill. Const. 1970, art. VI, §§1, 9), because it vests a judicial function in nonjudicial personnel. While a medical review panel authorized to make conclusions of law has been found to improperly exercise a judicial function (*Wright v. Central Du Page Hospital Association* (1976), 63 Ill. 2d 313, 322, 347 N.E.2d 736), application of section 2—622 does not involve interpretations of law. This provision merely requires the reviewing of facts by a health professional "knowledgeable in the relevant issues involved in the particular action and who practices in the same specialty as the defendant if the defendant is a specialist" (Ill. Rev. Stat. 1985, ch. 110, par. 2—622(a)(1)). There is no infringement upon the judicial function of applying the law seen in section 2—622, as it requires only a determination of fact by an expert in the medical field.

■■ Plaintiff also contends that the trial court erred in dismissing her complaint pursuant to section 2—619 of the Civil Practice Law, asserting that its allegations gave rise to a material and genuine disputed question of fact (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(c)). The record fails to show that this issue was raised in the trial court, and it is waived since a question not raised in the trial court may not be raised for the first time on appeal. (*Western Casualty & Surety Co.*

*v. Brochu* (1985), 105 Ill. 2d 486, 500-01, 475 N.E.2d 872; *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) Plaintiff also contends that the trial court erred in refusing to permit amendments to the complaint rather than dismissing it pursuant to section 2—622. Again, we deem the issue waived for failure to raise it in the trial court. Even absent waiver, it is apparent that the trial court properly dismissed plaintiff's complaint for failure to conform to the requirements of section 2—622, which provides that "[t]he failure to file a certificate required by this Section shall be grounds for dismissal under Section 2—619." Ill. Rev. Stat. 1985, ch. 110, par. 2—622(g); but see *Walter v. Hill* (1987), 156 Ill. App. 3d 708, 711, 509 N.E.2d 804.

In view of our conclusion that the trial court properly dismissed the complaint pursuant to section 2—622 of the Civil Practice Law, we need not consider plaintiff's remaining issues concerning the propriety of awarding damages for pain and suffering, punitive damages, and attorney fees.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT and WOODWARD, JJ., concur.