JAMES E. WALSH, Plaintiff-Appellant, v. BARRY-HARLEM CORPORA-TION, d/b/a The Desnick Eye Center, *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—94—0889

Opinion filed April 28, 1995.

Barbara J. Clinite, of Chicago, for appellant.

Michael T. Trucco and Peter A. Gaido, both of Stamos & Trucco, of Chicago, for appellees.

JUSTICE EGAN delivered the opinion of the court:

The plaintiff, James E. Walsh, appeals from the order dismissing his complaint with prejudice on the ground that the statute of limitations barred his claim against the defendants: Barry-Harlem Corporation, doing business as the Desnick Eye Center (the Center); James H. Desnick, M.D.; and Mark A. Glazer, M.D.

On September 16, 1992, the plaintiff filed a complaint containing allegations of medical malpractice against the defendants and Robert Levy, M.D. Specifically, the plaintiff alleged that James Desnick did business as the Desnick Eye Center, a medical eye-care facility, and that the Center employed Levy and Glazer to provide eye care and surgery. On or about September 4, 1990, Glazer examined the plaintiff's eyes, and, on or about September 20, 1990, Levy performed surgery on the plaintiff's right eye.

The plaintiff alleged that the defendants and Levy had a duty to exercise reasonable care in treating the plaintiff and to obtain his informed consent, yet they committed the following negligent acts or omissions:

"a. Failed to inform the Plaintiff that the surgery to be done included replacement of the lens of the right eye;

b. Failed to advise the Plaintiff that he had a minimal cataract on the right eye which did not require immediate surgery;

c. Operated on the right eye prematurely to remove a minimal cataract that had not fully developed;

d. Removed the lens of the Plaintiff's right eye and replaced it with [an] artificial lens without the Plaintiff's consent."

The plaintiff discovered this injury when he visited another physician on December 3, 1990. The plaintiff alleged that, as a result of the defendants' and Levy's acts or omissions, he suffered the loss of the lens of his right eye, damage requiring additional surgery and impairment of the vision in his right eye. Consequently, he suffered and will suffer great physical and mental pain and incurred and will incur great medical expenses.

With the September 1992 complaint, the defendant's attorney filed an affidavit stating that she could not obtain a physician's affidavit, as section 2—622 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—622) requires. On April 21, 1993, Judge Joseph Casciato granted the defendants' and Levy's motion to dismiss the plaintiff's September 1992 complaint with prejudice under sections 2—619 and 2—622 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—619, 2—622).

On September 10, 1993, the plaintiff filed another complaint, in which he claimed that the defendants violated the Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (Ill. Rev. Stat. 1989, ch. 121½, par. 261 *et seq.*). In the September 1993 complaint, the plaintiff alleged the following. Barry-Harlem owned and operated several eye-care centers, including the Desnick Eye Center located at 3101 North Harlem in Chicago. James Desnick controlled and managed the Center, and the Center employed Glazer.

On or about September 20, 1990, the plaintiff went to the Center to "ask for advice whether he was in need of services to remove a cataract and for a lens implant." The complaint further alleged:

"6. At said time and place, [the defendants] did intentionally and falsely represent to the Plaintiff that certain testing of his eyes showed that he needed to have a cataract removed and a new lens implanted.

7. Said Defendants did wilfully and knowingly tell the Plaintiff that he needed said services and product, although they knew that he was not in need of said services and product, with the intent of inducing the Plaintiff to expend his funds for surgery and new lens which were totally unnecessary and could be of no benefit to him.

8. The Defendants did then alter and change the notes made by the individual who performed the eye testing, so that they appeared to justify surgery and new lens implant, for the purpose of misleading the Plaintiff into agreeing to purchase said services and product."

In reliance on the defendants' misrepresentations, the plaintiff agreed to the surgery, which the defendants performed on or about September 20, 1990.

The plaintiff alleged that, as a result of the defendants' violation of the Consumer Fraud Act, he expended $1,365 for the unnecessary surgery and "large sums of money endeavoring to determine what was wrong with his eyes" following the surgery. In addition, he suffered "great mental distress and suffering." The plaintiff, therefore, requested compensatory and punitive damages plus attorney fees.

In response to the plaintiff's September 1993 complaint, the defendants filed a motion to dismiss, in which they asserted the following bases for dismissal: (1) the plaintiff's complaint was barred by the two-year medical malpractice statute of limitations in section 13—212 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—212); (2) the plaintiff's complaint did not comply with section 2—622 of the Code; (3) the plaintiff's action was barred by the doctrine of *res judicata*; and (4) the Consumer Fraud Act did not apply to the plaintiff's action. On February 17, 1994, Judge

Duncan-Brice dismissed the plaintiff's complaint with prejudice on the ground that the applicable statute of limitations, section 13—212 of the Illinois Code of Civil Procedure, barred the plaintiff's action. The judge did not address the other bases for dismissal that the defendants asserted. We agree with the judge that section 13—212 barred the plaintiff's action, and, therefore, we also will not address the other bases for dismissal that the defendants asserted.

■ The issue on appeal is whether the two-year medical malpractice statute of limitations or the three-year Consumer Fraud Act statute of limitations applied to the September 1993 complaint. Section 13—212 of the Illinois Code of Civil Procedure provides the medical malpractice statute of limitations:

"[N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known *** of the existence of the injury." Ill. Rev. Stat. 1989, ch. 110, par. 13—212.

■ The plaintiff argues that this two-year statute of limitations did not bar his cause of action because his September 1993 complaint was not based on medical malpractice. He explains that his September 1993 complaint did not contain any allegations of "injury or death *** arising out of patient care"; that is, his complaint contained no allegations of physical injury and no allegations that "relate to the manner in which patient care and treatment were rendered." Instead, he asserts that his allegations that the defendant intentionally misrepresented test results and the need for surgery are allegations of fraud that relate only to the commercial aspects of the eye-care business.

We are not persuaded by the defendant's argument that the medical malpractice statute of limitations did not apply to his cause of action. In enacting this statute, the legislature intended it to have broad application. The Illinois Supreme Court has concluded that the legislature meant the words "or otherwise" in section 13—212 to be "all-inclusive" (*Hayes v. Mercy Hospital & Medical Center* (1990), 136 Ill. 2d 450, 459, 557 N.E.2d 873 (applying the medical malpractice statute of repose to the plaintiff's action)), and this court has decided that this same language indicates the legislature's intent that the statute apply to "all malpractice claims brought against a physician in the State of Illinois, regardless of its basis." (*Desai v. Chasnoff* (1986), 146 Ill. App. 3d 163, 167, 496 N.E.2d 1203.) Thus, the statute would apply to malpractice claims based on the Consumer Fraud Act.

Furthermore, we believe the allegations of the plaintiff's September 1993 complaint stated a cause of action against a physician for an "injury *** arising out of patient care." The plaintiff's complaint did contain allegations that he was injured by the defendants' acts: he incurred medical expenses for the unnecessary surgery; he incurred additional medical expenses to determine what was "wrong with his eyes following [the surgery]"; and he suffered "great mental distress and suffering."

The plaintiff argues that, because he alleged no *physical* injury, the medical malpractice statute of limitations did not apply. We believe that the plaintiff's complaint could be interpreted as alleging physical injury, but even if we were to conclude that there was no allegation of physical injury, this would not remove the plaintiff's complaint from section 13—212. It is a well-established principle of statutory construction that when a statute is "clear and unambiguous a court is not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations or conditions that the legislature did not express." (*Kraft, Inc. v. Edgar* (1990), 138 Ill. 2d 178, 189, 561 N.E.2d 656.) Contrary to the plaintiff's argument, there is no requirement in the plain language of section 13—212 that a plaintiff allege a *physical* injury, and we refuse to infer such a limitation.

We also believe that the plaintiff's alleged injury arose out of patient care. The plaintiff asserted in his September 1993 complaint that he went to the defendants seeking advice regarding his eye condition. The defendants then advised him to undergo surgery, which they knew was unnecessary, and, in fact, performed unnecessary surgery on his eye.

The plaintiff claims that his injury did not arise out of patient care because he did not allege that the defendants deviated from any standard of care. As he argues in his reply brief, "[t]here is no claim that they made the wrong diagnosis or failed to correctly diagnose a condition. Rather, they correctly diagnosed his condition, knew he would not benefit from surgery, and yet falsely told the Plaintiff that he would benefit." The plaintiff claims that this was not a deviation from a standard of care, but only fraud related to the business aspects of medicine.

Certainly, performing unnecessary surgery on a patient without that patient's knowledge that the surgery is unnecessary is a deviation from the standard of care that requires physicians to possess and apply the degree of skill, knowledge and care that a reasonably qualified physician in the same or similar community would apply. (See *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) In fact, in an-

other case in which a doctor intentionally performed unnecessary surgery, the Fifth District Appellate Court held that the two-year limitations period of section 13—212 applied. (See *Cleaver v. Marrese* (1993), 253 Ill. App. 3d 778, 625 N.E.2d 1129.) In *Cleaver*, the plaintiff sued her doctor for intentionally misrepresenting to her the need for her to undergo back surgery and for performing this surgery. The court rejected the hospital's argument that the one-year statute of limitations provision of the Local Governmental & Governmental Employees Tort Immunity Act applied (745 ILCS 10/8—101 (West 1992)) and instead applied section 13—212. *Cleaver*, 253 Ill. App. 3d at 783.

We do not agree with the plaintiff that section 13—212 did not apply because his claim involved purely commercial aspects of the practice of medicine rather than patient care. The plaintiff cites several cases in which courts have held that patients alleged only ordinary negligence rather than medical malpractice, but we agree with the defendants that these cases are distinguishable from the case before us.

In all of these cases, *Mooney v. Graham Hospital Association* (1987), 160 Ill. App. 3d 376, 513 N.E.2d 633, *Owens v. Manor Health Care Corp.* (1987), 159 Ill. App. 3d 684, 512 N.E.2d 820, and *Lyon v. Hasbro Industries, Inc.* (1987), 156 Ill. App. 3d 649, 509 N.E.2d 702, the courts held that the affidavit requirement of section 2—622 of the Illinois Code of Civil Procedure did not apply because the plaintiffs' cases involved ordinary negligence rather than medical malpractice.

In *Mooney*, the plaintiff, who was recovering from surgery, injured her hip on the way to the bathroom when she slipped and fell in some liquid on the floor of her hospital room. (*Mooney*, 160 Ill. App. 3d at 377-78.) The plaintiff did not allege any defects in her medical care, such as a relationship between her fall and her prior surgery, but rather she alleged that the hospital negligently allowed liquid to accumulate on the floor. Consequently, the court decided that her case was a common "slip and fall" case, not a medical malpractice case. (*Mooney*, 160 Ill. App. 3d at 382.) Unlike the plaintiff in *Mooney*, allegations of wrongdoing by the plaintiff here did not arise apart from his status as a patient and his treatment but because of this status and treatment.

Similarly in *Owens*, the court decided that the plaintiff's injury did not arise from medical treatment or diagnosis, but rather it arose from ordinary negligence. (*Owens*, 159 Ill. App. 3d at 689.) The plaintiff had fallen from his wheelchair as a result of being restrained improperly. The *Owens* court reasoned that, in providing "custodial shelter care" to the plaintiff, the defendant was not providing medi-

cal diagnosis or treatment because the plaintiff was not being "medically treated to restore him to a normal physical or mental state." (*Owens*, 159 Ill. App. 3d at 688-89.) Contrary to the *Owens* defendant, the defendants here did provide the plaintiff with medical diagnosis and treatment.

Finally, in *Lyon*, the court concluded that an ambulance service's failure to adequately maintain and service an ambulance as a vehicle was not medical malpractice but that its failure to adequately equip the ambulance with emergency equipment fell within the definition of malpractice because it involved medical judgment. (*Lyon*, 156 Ill. App. 3d at 655.) The court concluded, therefore, that the absence of a section 2—622 affidavit was fatal to the count involving the latter failure but not to the count involving the former. (*Lyon*, 156 Ill. App. 3d at 655.) Like the *Lyon* defendant's failure to equip the ambulance and unlike its failure to service the ambulance, the plaintiff's claim that the defendants improperly performed surgery on his eye involved a medical judgment and was, therefore, medical malpractice. Indeed, his allegation that they *intentionally* performed *unnecessary* surgery assumes that they had made a medical judgment that he did not need the surgery.

All of these cases, in which the courts found that the defendants' misconduct did not involve patient care, are distinguishable from the case before us because the plaintiff's allegations of misconduct were inextricable from the defendants' diagnosis and treatment of his eyes.

Despite the plaintiff's efforts to transform his original medical malpractice action into one based only on the Consumer Fraud Act, therefore, we conclude that section 13—212 applied to his September 1993 complaint because this complaint alleged an "injury *** arising out of patient care."

■ The plaintiff next argues that, even if his complaint stated a medical malpractice action as well as a Consumer Fraud Act action, the three-year Consumer Fraud Act statute of limitations should control because it is the more specific statute. Section 2 of the Consumer Fraud Act defines a violation of that act as follows:

"Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' *** in the conduct of any trade or commerce

are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." (Ill. Rev. Stat. 1989, ch. 121¹/₂, par. 262.)

An action for damages under the Consumer Fraud Act "shall be forever barred unless commenced within 3 years after the cause of action accrued." Ill. Rev. Stat. 1989, ch. 121¹/₂, par. 270a.

■ The defendants dispute that the plaintiff's complaint stated a cause of action under the Consumer Fraud Act, but, solely for purposes of our discussion, we will assume that it did. Even if the plaintiff's complaint did state a cause of action under the Consumer Fraud Act, however, we conclude that the medical malpractice statute of limitations prevails as the more specific statute.

It is well established in Illinois that, when two statutes apply to a subject, the statute that applies to one particular subject prevails over the statute designed to apply to cases generally. (*Desai*, 146 Ill. App. 3d at 167.) Several courts in Illinois have already decided that section 13—212 is a specific statute. For example, in *Desai*, the court held that section 13—212 applied to the plaintiff's action rather than the four-year statute of limitations of section 2—725(1) of the Uniform Commercial Code—Sales (UCC) (Ill. Rev. Stat. 1983, ch. 26, par. 2—725(1)). In *Desai*, the estate of an infant who died from an injection brought an action for breach of warranty against a doctor. In applying section 13—212, the court reasoned that it was the more specific statute because it applied only to malpractice actions, whereas the UCC limitations statute was a general statute that applied to all breaches of contracts for sale.

Similarly, in *Heneghan v. Sekula* (1989), 181 Ill. App. 3d 238, 536 N.E.2d 963, the court applied section 13—212 to a contribution action against a hospital and doctors. The court decided that the medical malpractice statute of limitations was more specific than the contribution statute of limitations (Ill. Rev. Stat. 1983, ch. 110, par. 13—204). See also *Cleaver*, 253 Ill. App. 3d at 783 (holding that section 13—212 was more specific than the shorter statute of limitations provision in the Tort Immunity Act).

For these reasons, we hold that the trial judge properly dismissed the plaintiff's September 1993 complaint because section 13—212 barred the cause of action the plaintiff alleged in that complaint.

Judgment affirmed.

McNAMARA, P.J., and RAKOWSKI, J., concur.