RAJENDRA DESAI, As Special Adm'r of the Estate of Kiran Desai, Deceased, Plaintiff-Appellant, v. IRA CHASNOFF *et al.*, Defendants (Ira Chasnoff, Defendant-Appellee).

First District (1st Division)  No. 84—2819

Opinion filed August 4, 1986.

Philip F. Maher, of Chicago (Philip J. McGuire, of counsel), for appellant.

Sidley & Austin, of Chicago, and Office of Legal Affairs, Northwestern University, of Evanston (William P. Richmond, Eric F. Quandt, Amy K. Dixon, Michael C. Weston, and James M. Perry, of counsel), for appellee.

PRESIDING JUSTICE QUINLAN delivered the opinion of the court:

Plaintiff appeals from the trial court's order granting defendant-physicians' motion to dismiss his amended complaint on the ground that the plaintiff's claim of breach of warranty was barred by the applicable statute of limitations and also that it failed to state a cause of action.

Plaintiff alleges that on December 13, 1979, the defendant, Dr. Chasnoff, a licensed physician, administered a "DPT" shot to plaintiff's infant daughter. The "DPT" shot was manufactured by codefendant Wyeth Laboratories. Later that same day, plaintiff contacted codefendant Dr. Traisman, another licensed physician, concerning an alleged reaction by plaintiff's daughter to the injection. On December 14, 1979, plaintiff's daughter was admitted to Children's Memorial Hospital in Chicago, suffering from respiratory arrest and cyanosis.

The record in this case reveals that there initially existed a dispute between the parties concerning the exact date of the child's death. The defendant-physicians alleged that, consistent with the official death certificate signed by the medical examiner, the child died on

July 16, 1980. Plaintiff alleged that, in accordance with the discharge sheets prepared by the hospital, the child was discharged on July 16, 1980, and did not die until August 16, 1980. After reviewing the records, the trial court determined that there was a typographical error in the discharge sheets prepared by the hospital, and that the child did, in fact, die on July 16, 1980, the date of death listed on the death certificate. This matter is not at issue in this appeal.

On August 6, 1982, plaintiff filed a two-count complaint. Count I was based on negligence against Dr. Chasnoff and Dr. Traisman, and count II was based on a products-liability theory against Wyeth Laboratories, the manufacturer of the "DPT." The complaint alleged that the baby's death occurred on August 16, 1980.

Thereafter, the defendant-physicians filed a motion to dismiss the complaint, attaching a copy of the official death certificate, arguing that the plaintiff's suit was barred by the two-year statute of limitations. (Ill. Rev. Stat. 1983, ch. 110, par. 13—212.) Plaintiff then filed an amended complaint adding counts based on a theory of breach of warranty under section 2—315 of the Uniform Commercial Code (UCC) (Ill. Rev. Stat. 1983, ch. 26, par. 2—315) against Dr. Chasnoff and Dr. Traisman. In response the defendant-physicians filed a motion to dismiss the amended complaint, again alleging that the claims based on negligence were barred by the two-year statute of limitations (Ill. Rev. Stat. 1983, ch. 110, par. 13—212), and that the claim based on breach of warranty failed to state a cause of action and was also barred by the two-year statute of limitations set forth in section 13—212. The defendant-physicians alleged that the four-year statute of limitations provided for under the UCC (Ill. Rev. Stat. 1983, ch. 26, par. 2—725(1)) did not apply to plaintiff's claim regardless of whether the plaintiff could state a valid cause of action for breach of warranty because all causes of action against physicians were governed by the two-year statute of limitations provided in section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212).

On May 23, 1984, the trial court granted the motion to dismiss. The court specifically found that the two-year statute of limitations as set forth in section 13—212 of the Code of Civil Procedure applied, and that because the date of death was July 16, 1980, the complaint was not timely filed. The trial court further found that the medical care and treatment allegedly rendered by the defendant-physicians was a service rather than a sale of goods under the UCC, and therefore, the plaintiff could not maintain a cause of action for breach of warranty against the defendant-physicians. Finally, the trial court found that because Dr. Traisman was not involved in administering

the "DPT" injection in question, he could not be subject to any warranty claim.

On June 6, 1984, plaintiff filed a motion for rehearing, and on June 22, 1984, a motion to vacate. On October 15, 1984, the trial court denied both motions. Plaintiff filed his notice of appeal on November 15, 1984, appealing only those portions of the May 23, 1984, and October 15, 1984, orders pertaining to Dr. Chasnoff.

The issues presented in this appeal are (1) whether the plaintiff's action for breach of warranty is barred under section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212), the specific statute of limitations relating to malpractice suits against physicians or hospitals; and (2) whether the circuit court correctly held that the plaintiff's breach-of-warranty claim against Dr. Chasnoff failed to state a cause of action.

With regards to the first issue, plaintiff argues that his breach-of-warranty claim against Dr. Chasnoff is governed by the four-year statute of limitations as provided for under the UCC (Ill. Rev. Stat. 1983, ch. 26, par. 2—725(1)), and not, as Dr. Chasnoff contends, the two-year statute of limitations set forth under section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212). Plaintiff asserts that where, as here, there are statutes which conflict, this court must construe those statutes so as to allow both to stand. He argues that the statutes in conflict here can be easily harmonized by applying the four-year statute of limitations to all breach of warranty actions including those brought against physicians. We disagree with plaintiff's argument, and for the reasons set forth below, we find that plaintiff's claim is governed by the two-year statute of limitations set forth in section 13—212.

Section 13—212 of the Illinois Code of Civil Procedure provides in pertinent part:

> "No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as

provided in Section 13—215 of this Act." Ill. Rev. Stat. 1983, ch. 110, par. 13—212.

■ ■ Illinois courts have long adhered to the well-settled principle of statutory construction that "where there are two provisions, one of which is general and designed to apply to cases generally, and another is particular and relates only to one subject, the particular provision must prevail and must be treated as an exception to the general provision." (*Natural Products Co. v. County of Du Page* (1924), 314 Ill. 74, 80-81, 145 N.E. 298.) When we consider the statutes in question here, it is clear that section 2—725(1) (Ill. Rev. Stat. 1983, ch. 26, par. 2—725(1)) is a general statute regarding the applicable limitations period for an alleged breach of contract for a sale, and that section 13—212, on the other hand, is a specific statute which contains specific language regarding the filing of any malpractice action whether it is based on tort, contract, or "otherwise" against a physician. Since section 13—212 is specific in its language, it is controlling regarding the applicable time period in which to bring a malpractice action based on breach of warranty against a physician. Not only does the statute refer to causes of action based on tort or contract, but through the use of the word "otherwise," the legislature, we believe, clearly intended to include all malpractice claims brought against a physician in the State of Illinois, regardless of its basis. We note, too, that in *Brown v. Mason* (1985), 132 Ill. App. 3d 439, 477 N.E.2d 61, the court there also applied section 13—212 broadly to malpractice actions holding that it encompassed implied-contract actions. Accordingly, we hold that plaintiff's actions here, based on breach of warranty, are governed by the two-year statute of limitations set forth in section 13—212.

Plaintiff has cited *Berry v. G.D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550, in support of her argument that the four-year statute of limitations controls here. In *Berry*, the Illinois Supreme Court held that the four-year statute of limitations set forth in section 2—725(1) of the UCC (Ill. Rev. Stat. 1983, ch. 26, par. 2—725(1)) governs an action brought for personal injuries allegedly arising from a breach of implied warranty. However, *Berry* is clearly distinguishable from the present case because it was decided in 1974, which was prior to the enactment of section 13—212 specifically governing medical malpractice actions, and, also, because the defendant there was not a physician but a birth-control clinic. Thus, plaintiff's reliance on *Berry* is misplaced.

■ Because of our conclusion that the limitation period provided in section 13—212 of the Code of Civil Procedure applies, we there-

fore find it unnecessary to determine whether the plaintiff could state a cause of action for breach of warranty against a physician. (See *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9.) Section 13—212 applies, as stated, to any and all actions brought against a physician for injuries allegedly arising from the medical care and treatment rendered, and the action here was admittedly not filed within two years of the date the injury was known. Thus, plaintiff's cause of action here is time barred since he filed his complaint more than two years after the death of the decedent.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.