JOYCE GAVIN, Plaintiff-Appellee, v. THE CITY OF CHICAGO, Defendant-Appellant.

First District (5th Division)    No. 1—91—2606

Opinion filed November 20, 1992.—Modified on denial of rehearing December 31, 1992.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Frederick S. Rhine, Assistant Corporation Counsel, of counsel), for appellant.

Hoey & Farina, of Chicago (James L. Farina, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Joyce Gavin brought suit against the City of Chicago (the City) for personal injuries she sustained when a car in which she was a passenger collided with a traffic light fixture. The City sought summary judgment, asserting that it had constructed the fixture almost 24 years before plaintiff brought suit and that the statute of repose for cases alleging design defects (Ill. Rev. Stat. 1987, ch. 110, par. 13—214), which provides a maximum period of 14 years after construction of an improvement within which to bring suit, barred plaintiff's case. The circuit court denied the City's motion, finding that the two-year statute of limitations contained in the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1983, ch. 85, par. 8—101), not section 13—214, controlled.

The circuit court certified for interlocutory review the following three questions concerning the relationship between the statute of repose for design defects and the statute of limitations found in the Tort Immunity Act:

"Is the required discovery period in the statute of repose section 13—214(b) inextricably related to the period of repose provided for in this section? If it is, is the discovery period provided for in [section] 13—214(b) in conflict with the limita-

tion period provided for in the Tort Immunity Act section 8—101[?] If it is, does [section] 8—101 where a defendant is a municipality subject to coverage of Chpt. 85, take precedence?''

We are unable to answer the first question certified for review, due to the difficulty in ascertaining the meaning of the question as framed by the circuit court. As to the second question, we find no conflict between section 13—214(b) and section 8—101 and therefore need not answer the third question, concerning whether section 8—101 takes precedence over section 13—214. Accordingly, based on the following analysis, we reverse the trial court's decision and hold that plaintiff's action is barred by the statute of repose, section 13—214.

This interlocutory appeal concerns the relationship between the construction and design statute of repose section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—214) and section 8—101 of the Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 8—101). Section 8—101 of the Tort Immunity Act, which indisputably is applicable to cases against the City, provides that ''[n]o civil action may be commenced *** against a local [public] entity *** unless it is commenced within 2 years.'' We begin our analysis by determining whether section 13—214 of the design and construction ·statute of repose is also applicable to suits brought against the City.

■■ The statute of repose provides that actions based upon tort for an act or omission in the design, planning, supervision, observation, management, or construction of an improvement to real property shall be commenced within 10 years from the time of such act or omission and four years from the time the plaintiff knew or should have known of the act giving rise to the action. (Ill. Rev. Stat. 1987, ch. 110, par. 13—214(a).) If plaintiff discovers the act or omission giving rise to liability within 10 years, she is provided a further 4 years to bring the action. (Ill. Rev. Stat. 1987, ch. 110, par. 13—214(b).) It is plaintiff's contention that the City cannot rely on section 13—214 as a defense since the section is inapplicable to either municipalities or landowners. Plaintiff's assertion that section 13—214 does not apply to municipalities is simply incorrect in light of the recent decision in *The Lombard Co. v. Chicago Housing Authority* (1991), 221 Ill. App. 3d 730, 587 N.E.2d 485, holding that section 13—214 can be asserted as a defense by a municipal defendant, when that municipality has been involved in the design or management of a construction project. Plaintiff correctly points out that

section 13—214 does not protect landowners unless that landowner engaged in the activities enumerated in section 13—214, such as the design, planning, supervision or management of a construction project. (*Lombard,* 221 Ill. App. 3d 730, 587 N.E.2d 485.) The statute does, however, protect anyone who engages in the enumerated activities regardless of whether or not that person is also a landowner. (*People ex rel. Skinner v. Hellmuth, Obata & Kassabaum, Inc.* (1986), 114 Ill. 2d 252, 500 N.E.2d 34.) It is undisputed in the instant case that the City was not simply a landowner, but also designed and constructed the traffic light signal at issue here.

In plaintiff's complaint, she alleged that the City committed one or more of the following acts or omissions:

"(a) Erected and maintained the traffic light pole in the middle of 31st Street such that it was an obstruction to traffic and created an unreasonable risk of harm to persons traveling on 31st [S]treet;

(b) Failed to illuminate the traffic light pole and pedestal sufficiently to enable persons traveling on 31st [S]treet to see it;

(c) Installed light near the traffic light fixture which obscured the pole and pedestal and created an additional hazard;

(d) Failed to place any barriers or warnings around or near the traffic light fixture to warn motorists on 31st [S]treet of the hazard in the roadway;

(e) Was otherwise careless and neglectful of its duties."

Plaintiff's allegations concern only the City's improper design of the traffic light fixture, not its failure to properly maintain the fixture. Section 13—214 is thus applicable to the particular facts as pleaded here.

This case therefore turns on whether we interpret the Tort Immunity Act to deprive the City of its defense under section 13—214. The circuit court found section 13—214 and section 8—101 to be inconsistent, and that section 13—214 was overridden by section 8—101. At first glance, the two-year statute of limitations provided in section 8—101 of the Tort Immunity Act would appear to be in conflict with the design statute of repose, section 13—214, which provides that the cause of action must be brought within 10 years of construction or design and four years after discovery. However, we note the basic principle of statutory construction that "[w]hen two legislative schemes do not seem completely compatible, they should be interpreted so that meaning and effect is given to each statute."

(*Stephens v. Cozadd* (1987), 159 Ill. App. 3d 452, 456, 512 N.E.2d 812; *Harvel v. City of Johnston City* (1992), 146 Ill. 2d 277, 284, 586 N.E.2d 1217 ("If the language of a statute is susceptible to two constructions, one of which will carry out its purpose and another which will defeat it, the statute will receive the former construction").) The following discussion construes the statutes in a manner giving effect to each and leads us to the conclusion that the City may assert the defenses provided in both the Tort Immunity Act and the design statute of repose.

■ It is evident from a review of the Tort Immunity Act that the Act is intended to confer immunities and defenses upon municipalities, not to strip them of immunities and defenses available to other defendants. Section 2—111 of the Tort Immunity Act provides: "Nothing contained herein shall operate to deprive any public entity of any defense heretofore existing and not described herein." (Ill. Rev. Stat. 1989, ch. 85, par. 2—111.) Section 1—101.1 provides:

"(a) The purpose of this Act is to protect local public entities and public employees from liability arising from the operation of government. It grants only immunities and defenses.

(b) Any defense or immunity, common law or statutory, available to any private person shall likewise be available to local public entities and public employees." (Ill. Rev. Stat. 1989, ch. 85, par. 1—101.1.)

The Tort Immunity Act does not create any new liabilities which did not previously exist. (*Vesey v. Chicago Housing Authority* (1991), 145 Ill. 2d 404, 412, 583 N.E.2d 538.) The Act merely creates one more condition precedent to the bringing of a lawsuit while explicitly preserving whatever defenses are available to private litigants. Accordingly, section 8—101 does not allow a plaintiff to maintain an action where the suit has already been time-barred by section 13—214. To hold otherwise would defeat the purpose of the Tort Immunity Act (which is to protect municipalities from liability), would be contrary to the express language of sections 2—111 and 1—101.1, and would place a municipality in a worse position than a private litigant.

■ Accordingly, the particular pleadings in this case, alleging only that the City improperly designed the traffic light at issue here, and not that the City improperly maintained the light fixture, bring this case within the purview of section 13—214. Therefore, it is our opinion that plaintiff's suit is barred by section 13—214 since it was filed 24 years after the traffic signal was installed and the

traffic lanes were designed. This time period is well beyond the maximum period for bringing suit provided by section 13—214.

For the reasons set forth above, we reverse the judgment of the circuit court, hold that plaintiff's defective design claim is barred by section 13—214, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

MURRAY and GORDON, JJ., concur.