DONNA CLEAVER, Plaintiff-Appellant, v. R. ANTHONY MARRESE, Defendant (Wood River Township Hospital, Defendant-Appellee).

Fifth District   No. 5—93—0102

Opinion filed December 27, 1993.

John L. McMullin and Kristine A. McGee, both of Belleville and of St. Louis, Missouri, for appellant.

Ronald E. Fox and Rodney M. Sharp, both of Sandberg, Phoenix & von Gontard, P.C., of St. Louis, Missouri, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Donna Cleaver filed a medical malpractice action against Dr. R. Anthony Marrese and the Wood River Township Hospital (Hospital) on August 23, 1991. The trial court dismissed the Hospital because the plaintiff failed to file her cause of action within the one-year statute of limitations pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1—101 *et seq.* (West 1992)). Plaintiff appeals. We reverse.

Plaintiff alleges that because Dr. Marrese intentionally misrepresented the need for her to undergo surgery, she permitted him to perform a cervical discectomy and interbody fusion on July 6, 1988, and a lumbar interbody fusion on September 13, 1989. Cleaver's complaint alleges that the Hospital was negligent in granting staff privileges to Dr. Marrese and allowing him to continue to operate on and treat patients, including the plaintiff, when the Hospital knew or should have known that Marrese had previously performed unnecessary surgery on patients and previously had his staff privileges revoked. The trial court granted the Hospital's motion for summary judgment because plaintiff's claim was not filed within one year from the date that the injury was received or the cause of action accrued. Plaintiff contends that her suit was timely filed because the statute of limitations for medical malpractice actions is applicable to this case.

■ The key issue is whether the two-year medical malpractice statute of limitations or the one-year tort immunity statute of limitations applies to this cause of action. Section 8—101 of the Tort Immunity Act provides:

> "*No civil action may be commenced in any court against a local entity* or any of its employees for any injury *unless* it is *commenced within one year* from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term 'civil action' includes any action, whether based upon the common law or statutes or Constitution of this State." (Emphasis added.) (745 ILCS 10/8—101 (West 1992).)

Section 13—212 of the Illinois Code of Civil Procedure provides:

> "(a) Except as provided in Section 13—215 of this Act, *no action for damages* for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care *shall be brought more than 2 years* after the date on which the claimant knew, or through the use of reasonable diligence should have known,

\*\*\* of the injury or death \*\*\*." (Emphasis added.) 735 ILCS 5/ 13—212 (West 1992).

Arguably, either statute could apply to plaintiff's cause. While section 8—101 of the Tort Immunity Act applies to "civil actions against a local entity," section 13—212 of the Code of Civil Procedure applies to "actions for damages for injury or death against any physician, dentist, registered nurse or hospital." Plaintiff's cause of action for injuries sustained while a patient at Wood River Township Hospital falls within either statute of limitations. However, based upon general rules of statutory construction and our interpretation of the two statutes, we conclude that section 13—212 of the Code governs this case.

■ It is well established in Illinois that where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail. (*Hernon v. E.W. Corrigan Construction Co.* (1992), 149 Ill. 2d 190, 195, 595 N.E.2d 561, 563; *Stone v. Department of Employment Security Board of Review* (1992), 151 Ill. 2d 257, 602 N.E.2d 808; see also *Estate of Herington v. County of Woodford* (1993), 250 Ill. App. 3d 870, 620 N.E.2d 463.) Numerous cases in Illinois have determined that section 13—212 of the Code of Civil Procedure is a specific statute.

In *Desai v. Chasnoff* (1986), 146 Ill. App. 3d 163, 496 N.E.2d 1203, a breach of warranty action brought against a doctor by the estate of an infant who died after receiving an injection, the doctor claimed that the two-year statute of limitations for medical malpractice claims applied. The plaintiff argued that the four-year statute of limitations provided by the Uniform Commercial Code—Sales (Ill. Rev. Stat. 1983, ch. 26, par. 2—725(1)) was applicable. The *Desai* court held that section 13—212 is applicable because it is a specific statute, as opposed to section 2—725 of the Uniform Commercial Code, which is a general statute. The court reasoned:

"[S]ection 2—725(1) [citation] is a general statute regarding the applicable limitations period for an alleged breach of contract for a sale, and \*\*\* section 13—212, on the other hand, is a specific statute which contains specific language regarding the filing of any malpractice action whether it is based on tort, contract, or 'otherwise' against a physician. Since section 13—212 is specific in its language, it is controlling regarding the applicable time period in which to bring a malpractice action based on breach of warranty against a physician. Not only does the statute refer to causes of action based on tort or contract, but through the use of the word 'otherwise,' the legislature, we be-

lieve, clearly intended to include all malpractice claims brought against a physician in the State of Illinois, regardless of its basis." *Desai*, 146 Ill. App. 3d at 167, 496 N.E.2d at 1205.

Again, in *Heneghan v. Sekula* (1989), 181 Ill. App. 3d 238, 536 N.E.2d 963, the court found that section 13—212 of the Code of Civil Procedure is a specific statute which must prevail over the more general section 13—204 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—204). In *Heneghan*, the defendant, Sekula, filed a third-party complaint for contribution against a hospital and other doctors after the statute of limitations for medical malpractice claims tolled. Sekula argued that the medical malpractice statute of repose contains only a general provision barring actions against doctors, dentists, nurses, and hospitals and does not specifically bar actions for contribution. The court rejected this argument and held that section 13—212 applies because it is more specific than section 13—204 of the Code of Civil Procedure. Therefore, the third-party claim was barred.

Specifically, the *Heneghan* court noted that the contribution provision, section 13—204, applies to a broad range of actions, including those arising from the operation of motor vehicles, the maintenance of premises, construction activities, product liability claims, and actions against health care providers. In contrast, the malpractice statute of repose applies only to actions against "any physician, dentist, registered nurse or hospital *** whether based upon tort, or breach of contract, or otherwise, arising out of patient care." (*Heneghan*, 181 Ill. App. 3d at 242, 536 N.E.2d at 966.) The court concluded that the malpractice statute of repose is "clearly narrower and more specific than the contribution statute of limitations, which makes no distinction between actions against doctors and health care providers and actions against any other type of tort defendant." (*Heneghan*, 181 Ill. App. 3d at 242, 536 N.E.2d at 966.) Thus, *Desai* and *Heneghan* both conclude that section 13—212 of the Code of Civil Procedure is a specific statute.

The conclusion of specificity for section 13—212 is mirrored by a conclusion of generality that has been attributed to section 8—101 of the Tort Immunity Act. In *Halper v. Vayo* (1991), 210 Ill. App. 3d 81, 568 N.E.2d 914, a high school wrestler brought suit against his coach for injuries he sustained as the alleged result of the coach's negligence or willful and wanton misconduct in connection with the treatment of plaintiff's knee injury. In *Halper* the court determined that the tort immunity statute barring personal injury actions against local government entities or their employees more than one year after the date of injury does not apply to minors, who may bring suit for in-

juries up to two years after they attain their majority. The court reasoned that the specific statutory language giving minors a two-year period for filing actions after they reach the age of 18 demonstrates that the legislature intended for minors to have this extended time within which to file claims, even though "the ordinary" or general limitation period for the cause of action is one year. See *Halper*, 210 Ill. App. 3d at 87, 568 N.E.2d at 918.

Another case holding that the Tort Immunity Act is a general statute, as opposed to a specific statute, is *Emulsicoat, Inc. v. City of Hoopeston* (1981), 99 Ill. App. 3d 835, 425 N.E.2d 1349. In *Emulsicoat*, a subcontractor filed an action against the city, a village, and city officials for their alleged failure to obtain a contractor's bond. One of the issues addressed by the court was whether the Public Construction Bond Act (Bond Act) (Ill. Rev. Stat. 1979, ch. 29, pars. 15, 16) or the Tort Immunity Act applied. While determining that the Bond Act applied, the court noted that the Tort Immunity Act is a general statute, dealing with many general potential liabilities, whereas the Bond Act is a specific statute dealing with a specific liability. *Emulsicoat*, 99 Ill. App. 3d at 838, 425 N.E.2d at 1352.

In *Zimmer v. Village of Willowbrook* (1993), 242 Ill. App. 3d 437, 610 N.E.2d 709, the issue was whether the statute of limitations contained in section 13—214 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—214) or the statute of limitations in section 8—101 was applicable to plaintiff's cause of action for flood damages against the village. The court compared the language of the two statutes and stated:

> "[I]n order to determine which limitations period controls, we must decide which of these two statutory provisions is *more* specifically applicable to this case. Section 8—101 provides a limitations period for civil actions commenced against a local entity. [Citation.] Section 13—214(a) is a more recent statute of limitations than section 8—101, and it expressly applies to any 'body politic' which is sued in an action based on tort for an act or omission in the construction of an improvement to real property." (Emphasis in original.) (*Zimmer*, 242 Ill. App. 3d at 442, 610 N.E.2d at 713.)

The court concluded that the legislature intended for section 13—214(a), which was enacted after section 8—101, to constitute a limited exception to section 8—101.

In the instant case, the court must decide which of the two limitations periods applies to this medical malpractice claim. Section 8—101 of the Tort Immunity Act applies to any local entity, while sec-

tion 13—212 of the Code of Civil Procedure applies specifically to physicians, dentists, registered nurses, or hospitals. Further, section 8—101 applies to all civil actions, while section 13—212 only applies to actions arising out of patient care. We further note that section 13—212 of the Code was enacted subsequent to section 8—101 of the Tort Immunity Act. This fact is important in that the rule that a specific statutory provision prevails over a general provision is especially applicable where the specific provision was enacted more recently. *Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 205, 120 N.E.2d 15, 31.

Based on the type of claim plaintiff has filed, an analysis of the conflicting statutes of limitations, and the rules of statutory construction, we conclude that section 13—212 more specifically applies to the instant case. Accordingly, the order granting the hospital's motion for summary judgment and dismissing plaintiff's cause of action is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

LEWIS, P.J., and GOLDENHERSH, J., concur.