LINNETTE CONCEPCION TOSADO, Plaintiff-Appellee, v. A. MILLER *et al.*, Defendants-Appellants.—GAIL PHIPPS, Indiv. and as Special Adm'r of the Estate of Futon Phipps, a Minor, Deceased, Plaintiff-Appellee, v. LINCOLN MEDICAL CENTER, LTD., *et al.*, Defendants-Appellants.

First District (2nd Division)   Nos. 1—96—0771, 1—96—4075 cons.

Opinion filed December 2, 1997.

TULLY, J., dissenting.

Jack O'Malley, State's Attorney, of Chicago (Patricia Shymanski, Richard A. Stevens, Judy Mondello Wick, Mary Margaret Burke, and Sara Dillery Hynes, Assistant State's Attorneys, of counsel), for appellants.

William A. Hertzberg & Associates, of Chicago, for appellees.

JUSTICE RAKOWSKI delivered the opinion of the court:
Plaintiffs filed separate complaints against Cook County Hospital

and its doctors for medical malpractice. Defendants moved to dismiss the complaints on the basis that the complaints were filed after the expiration of the one-year limitations period of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8—101 (West 1996)). Following the Fifth District Appellate Court's decision in *Cleaver v. Marrese*, 253 Ill. App. 3d 778 (1993), the circuit court denied defendants' motions and held that the two-year limitations period of the Code of Civil Procedure (Code) (735 ILCS 5/13—212(a) (West 1996)) controlled. Pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), the courts in both cases certified the following question for appeal: Which statute of limitations applies to malpractice actions against Cook County Hospital and its physician employees, the one-year limitations period of the Tort Immunity Act or the two-year limitations period of the Code governing medical malpractice actions?

The cases were consolidated for purposes of appeal. We hold the one-year limitations period of the Tort Immunity Act controls because it is a more specific statute and because this construction comports with the plain language of the Tort Immunity Act. In holding as we do, we decline to follow the court's decision in *Cleaver*. Accordingly, we reverse the denial of defendants' motions to dismiss plaintiffs' complaints.

## ANALYSIS

### I. Statute of Limitations and Notice

■ Prior to the 1986 amendments to the Tort Immunity Act, a party that wanted to bring an action against a local public entity was required to give written notice within a specified period of time from the date of injury or the cause of action accrued. Ill. Rev. Stat. 1985, ch. 85, par. 8—102. In 1986, the statutory notice requirement was repealed and changes were incorporated in section 8—101 of the Tort Immunity Act. Pub. Act 84—1431, art. 1, § 3, eff. November 25, 1986. Section 8—101, at issue here, provides:

> "No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term 'civil action' includes any action, whether based upon common law or statutes or Constitution of this State." 745 ILCS 10/8—101 (West 1996).

■ The Illinois Supreme Court has expressly recognized that the policy concerns underlying the notice provision of the Tort Immunity Act are identical to those of section 8—101 of the Tort Immunity Act.

*Saragusa v. City of Chicago*, 63 Ill. 2d 288, 292 (1976). The common purposes of the two provisions are to provide the local governmental entity an early opportunity to investigate the claim asserted against it and to lessen the exposure of the local governmental entity to actions already existing under the common law. *Saragusa*, 63 Ill. 2d at 292. Although the statutory notice provision has been repealed, we are persuaded nevertheless by the reasoning of several notice-provision cases in reaching the conclusion that the one-year limitations period of section 8—101 of the Tort Immunity Act governs the cases at bar.

In *Rio v. Edward Hospital*, 104 Ill. 2d 354, 365 (1984), the Illinois Supreme Court held the discovery rule and the four-year statute of repose applied to medical malpractice claims against local governmental entities and their employees. The court also held that the notice provision of the Tort Immunity Act (section 8—102) applied with equal force to such claims. Thus, by applying the discovery rule to local governmental defendants, an injured party would still be required to give timely notice after discovery of his injury. *Rio*, 104 Ill. 2d at 365. See also *Saragusa*, 63 Ill. 2d 288; *Thomas v. Davenport*, 196 Ill. App. 3d 1042 (1990); *Stewart v. County of Cook*, 192 Ill. App. 3d 848 (1989) (all applying the former notice provision of the Tort Immunity Act to medical malpractice claims against publicly owned hospitals).

Of primary import, the supreme court observed that the notice provision of the Tort Immunity Act was, in effect, a limitations provision, which could be waived by the local governmental entity. *Rio*, 104 Ill. 2d at 362. Moreover, the notice provision of section 8—102 was to be read in conjunction with section 8—101, requiring that suit be filed within the prescribed time period. See *Saragusa*, 63 Ill. 2d at 293. Although the *Rio* court did not discuss what statute of limitations period applies to medical malpractice actions against local governments, we are convinced that inherent in *Rio* is the presumption that the one-year period of section 8—101 applies.

We see no logical reason for distinguishing the effect of a notice provision from the effect of a statute of limitations provision in the Tort Immunity Act. "Both require a plaintiff to take some sort of action within a specified time period and both affect plaintiff's cause of action if not followed." *Slaughter v. Rock Island County Metropolitan Mass Transit District*, 275 Ill. App. 3d 873, 876 (1995). Given their identical effect on a plaintiff's cause of action and underlying policy concerns, we are led to conclude that, like the notice provision before its repeal, the limitations period set forth in section 8—101 of the Tort Immunity Act also applies to actions against local public hospitals. Any other conclusion would result in a departure from the

plain language of the Tort Immunity Act, which prescribes a one-year time period for *any* civil action to commence against a publicly owned entity.

## II. Statutory Construction

As stated above, the relevant statutes are section 8—101 of the Tort Immunity Act and section 13—212(a) of the Code. Both statutes set forth periods of limitations for filing suit. Section 8—101 sets forth a one-year period for filing any civil action against a local governmental entity. Section 13—212(a) sets forth a two-year period for commencing medical malpractice actions. Neither statute refers to the other; however, either statute could arguably apply to plaintiffs' medical malpractice actions against the publicly owned hospital and its employees.

■ The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent of the statute. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 193 (1997). Courts determine the legislative intent from the language of the statute itself. *In re Chicago Flood Litigation*, 176 Ill. 2d at 193. If the intent of the legislature can be ascertained from the plain language of the statute itself, that intent must prevail. *Barnett v. Zion Park District*, 171 Ill. 2d 378, 388-89 (1996). In construing the words of the statute, we must give them their plain and ordinary meaning. *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 194-95 (1992). "We must not depart from the plain language of the Act by reading into it exceptions, limitations, or conditions that conflict with the express legislative intent." *In re Chicago Flood Litigation*, 176 Ill. 2d at 193.

■ The language of both statutes is unambiguous. Section 8—101 of the Tort Immunity Act clearly provides that local governmental units and their employees are not subject to suit beyond a one-year period. This provision makes no reference to specific governmental agencies or categories of employees but, rather, limits liability for any civil action, whether based upon the common law, statutes, or the Illinois Constitution. 745 ILCS 10/8—101 (West 1996).

Section 13—212(a) of the Code is also unambiguous. It clearly provides that no action for damages arising out of patient care, whether based upon tort, breach of contract, or otherwise, may be brought after two years of discovery against a physician, dentist, registered nurse, or hospital. 735 ILCS 5/13—212(a) (West 1996). The statute also includes a four-year repose period, which provides that in no event shall such action be brought more than four years after the act or omission occurred. 735 ILCS 5/13—212(a) (West 1996).

Both statutes are germane to plaintiffs' causes of action. However,

without reading exceptions and limitations into the Tort Immunity Act, we cannot say the limitations period of the Tort Immunity Act does not apply here. There is nothing in the Tort Immunity Act that evinces a legislative intent to exempt local public hospitals or their employees from the limitations provision of section 8—101.

The clear intent of the legislature in enacting the Tort Immunity Act was to insulate local governmental bodies from being sued beyond a one-year period. The purpose of the limitations provision was to encourage early investigation into claims asserted against local governments and to lessen the exposure of local governmental entities to actions already existing under the common law. *Saragusa v. City of Chicago*, 63 Ill. 2d 288, 293 (1976); *Bertolis v. Community Unit School District No. 7*, 283 Ill. App. 3d 874, 878 (1996); *Reese v. Village of Arlington Heights*, 204 Ill. App. 3d 129, 132 (1990). Thus, when any civil suit is brought against a public entity, the legislature intended to provide greater protection to the public body by shortening the period for the filing of claims. The result should be no different in cases of medical malpractice.

The term "civil action," as it pertains to the one-year limitations provision of section 8—101, includes any action, whether based upon the common law, statutes, or constitution of this state. Certainly, a claim for medical malpractice satisfies this definition. Furthermore, the 1986 amendment to section 8—101 retained the one-year limitations period after repealing the notice provision. This reveals a legislative intent to keep the limitations period for any civil action brought against a local governmental entity.

Section 8—101 of the Tort Immunity Act does not attempt to immunize local government defendants from medical malpractice liability. It simply limits the time within which any civil action for injuries against a local entity or any of its employees can be brought. See *Herriott v. Powers*, 236 Ill. App. 3d 151, 155 (1992). The objectives of the limitations statute and the reasons underlying the time requirement for actions asserted against local governmental entities were set forth above and explained by the court in *Saragusa*, 63 Ill. 2d at 293. If we were to allow plaintiffs to file their claims late against Cook County Hospital and its employees, defendants would be denied the timely opportunity to investigate and prepare for the claims asserted against them. This result would directly conflict with the purpose behind the abridged limitations period, which is to provide a local government opportune notice of claims asserted against it, since the number of claims made against it will far exceed those brought against a private individual. See *Saragusa*, 63 Ill. 2d at 293.

### III. Comparing the Specifics of the Statutes—
### *Cleaver v. Marrese*

The parties contend the outcome-determinative test in this case is to compare the specifics of the statutes. Plaintiffs contend the medical malpractice statute is a specific statute and, thus, prevails over the Tort Immunity Act, which is a general statute. Conversely, defendants argue the Tort Immunity Act more specifically governs this case and, therefore, the limitations period of section 8—101 prevails. Arguably, either of these statutes could apply to plaintiffs' causes of action. However, we agree with defendants that section 8—101 of the Tort Immunity Act is more specifically applicable to the cases at hand.

■ A maxim of statutory construction provides that when more than one statute of limitations is relevant to a given action, the court may compare the specifics of the statutes to determine what statute more specifically applies. *Bertolis v. Community Unit School District No. 7*, 283 Ill. App. 3d 874, 879 (1996). Whether a statute is deemed specific or general depends on the statute it is being compared to. *Rio*, 104 Ill. 2d at 362. The more specific statute will prevail over the general statute. *Hernon*, 149 Ill. 2d at 195; *Wheatley v. Chicago Transit Authority*, 289 Ill. App. 3d 60, 64 (1997).

Numerous court decisions have employed the specific versus general statutory analysis in other contexts. See *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 193, 196 (1992) (holding the specific construction statute of limitations prevails over the general two-year personal injury statute of limitations); *Walsh v. Barry-Harlem Corp.*, 272 Ill. App. 3d 418 (1995) (holding the medical malpractice statute is more specific than the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1992)) because it applies only to a particular subject, *i.e.*, medical malpractice actions); *Desai v. Chasnoff*, 146 Ill. App. 3d 163 (1986) (holding the medical malpractice statute is the more specific statute because it applies only to malpractice actions, whereas the Uniform Commercial Code (810 ILCS 5/1—101 *et seq.* (West 1992)) is a general statute that applies to all breaches of contracts for sale); *Heneghan v. Sekula*, 181 Ill. App. 3d 238 (1989) (holding the medical malpractice statute of limitations is more specific than the contribution statute of limitations because it applies specifically to doctors and hospitals).

In *Cleaver v. Marrese*, 253 Ill. App. 3d 778 (1993), the Fifth District Appellate Court held that although a plaintiff usually has one year to file a complaint against a local public entity, there is a limited exception where another specific statute provides a longer limitations period to file suit.

The court began its analysis by noting, where there are two statutory provisions, one general and the other more specific, relating only to one particular subject, the particular provision must prevail. *Cleaver*, 253 Ill. App. 3d at 780. The court observed that "[n]umerous cases in Illinois have determined that section 13—212 of the Code *** is a specific statute." *Cleaver*, 253 Ill. App. 3d at 780, citing *Desai v. Chasnoff*, 146 Ill. App. 3d 163 (1986), and *Heneghan v. Sekula*, 181 Ill. App. 3d 238 (1989). The court also noted that section 8—101 of the Tort Immunity Act has been deemed a general statute. *Cleaver*, 253 Ill. App. 3d at 781-82, citing *Halper v. Vayo*, 210 Ill. App. 3d 81 (1991), *Emulsicoat, Inc. v. City of Hoopeston*, 99 Ill. App. 3d 835 (1981), and *Zimmer v. Village of Willowbrook*, 242 Ill. App. 3d 437 (1993). However, these cases are not instructive because they all compare the Tort Immunity Act to statutes other than the medical malpractice statute. Whether a statute is specific or general depends on the particular statute it is being compared to. *Rio*, 104 Ill. 2d at 362.

Nonetheless, after comparing the statutes, the *Cleaver* court held the medical malpractice statute of limitations governed the plaintiff's action rather than the one-year limitations period of the Tort Immunity Act. The court explained that while section 13—212(a) of the Code applies specifically to physicians, dentists, registered nurses, and hospitals, section 8—101 of the Tort Immunity Act applies to any local entity. Also, whereas section 13—212(a) refers only to actions arising out of patient care, whether based upon tort, breach of contract, or otherwise, section 8—101 applies to all civil actions of any kind. Further, the court observed that section 13—212(a) of the Code was enacted after section 8—101 of the Tort Immunity Act, signifying that the legislature intended section 13—212(a) to constitute a limited exception to section 8—101. *Cleaver*, 253 Ill. App. 3d at 782-83. Accordingly, the court held the two-year limitations period of section 13—212(a) more specifically applied to the plaintiff's medical malpractice claim against the local public hospital and doctor. *Cleaver*, 253 Ill. App. 3d at 783.

■ After careful analysis, we decline to accept the reasoning of the court in *Cleaver* and find that plaintiffs' claims in the instant case are governed by the one-year statute of limitations of section 8—101 of the Tort Immunity Act. We are cognizant that recently in *Wheatley v. Chicago Transit Authority*, 289 Ill. App. 3d 60, 65 (1997), we referred to *Cleaver*. We do not take exception to what we said in *Wheatley* but note, rather, that in *Wheatley* we were comparing the specifics of the Tort Immunity Act and the Metropolitan Transit Authority Act (70 ILCS 3605/41 (West 1996)), not the medical malpractice statute.

First, we disagree with *Cleaver* that the Tort Immunity Act is a general statute. Although the Tort Immunity Act applies to all local entities and their employees, we do not see how that is more general than section 13—212(a) of the Code, which pertains to all physicians, dentists, registered nurses, and hospitals in the state. Second, we disagree that the all-encompassing language of the Tort Immunity Act dictates the conclusion that the statute is more general than section 13—212(a) of the Code. Rather, in our view, this clear, all-inclusive language evinces an intent to cover all civil claims against local governmental agencies and their employees, including those based on medical malpractice. Where a statute is clear, we cannot read into it exceptions, limitations, or conditions. *In re Chicago Flood Litigation*, 176 Ill. 2d at 193.

Further, unlike the *Cleaver* court, we do not find dispositive the fact that section 13—212(a) of the Code was enacted after section 8—101 of the Tort Immunity Act. Without express legislative intent or at least some reference made to the Tort Immunity Act in the Code, we decline to gut the Tort Immunity Act by a baseless presumption that the legislature ever considered the effect on local governmental hospitals and their employees. To presuppose that the legislature intends to create an exception to the Tort Immunity Act every time it enacts a statute on a specific subject matter would cut against the very purpose of the Tort Immunity Act.

We are also unpersuaded by plaintiffs' reliance on *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190 (1992). In *Hernon*, the court held the building construction statute of limitations prevailed over the general two-year personal injury statute of limitations. *Hernon*, 149 Ill. 2d at 195. The court found support for its decision in the fact that courts have repeatedly applied the 10-year repose period of section 13—214 to construction-related personal injury actions. The court observed that if such actions are subject to the repose period of section 13—214(b), tort actions involving personal injuries should also be subject to the four-year limitations period of subsection (a). *Hernon*, 149 Ill. 2d at 195-96.

We are mindful of cases that have applied the four-year repose period of the medical malpractice statute to claims brought against local governmental units. See *Rio*, 104 Ill. 2d at 365; *Thomas v. Davenport*, 196 Ill. App. 3d 1042, 1045 (1990). However, these court decisions have applied the notice provision of the Tort Immunity Act *in pari materia* with the repose period of the medical malpractice statute. Since the limitations provision of the Tort Immunity Act has the same effect and underlying purpose of the former notice provision, the result should be the same. That is, reading the two statutes

*in pari materia,* it follows that, subject to the overall four-year limitations period, a plaintiff must file suit within the one-year limitations period under section 8—101. Clearly, a plaintiff could not maintain an action where the suit has already been time-barred by a statue of repose. *Gavin v. City of Chicago,* 238 Ill. App. 3d 518, 522 (1992).

Finally, we draw support for our conclusion from cases that have held the one-year limitations period of the Tort Immunity Act applies to medical malpractice actions brought against publicly owned hospitals. See *Feiler v. Covenant Medical Center,* 232 Ill. App. 3d 1088, 1091 (1992); *Watkins v. Health & Hospitals Governing Comm'n,* 78 Ill. App. 3d 468, 470 (1979). Although *Feiler* and *Watkins* did not squarely compare the specifics of the medical malpractice statute and the Tort Immunity Act, they both observed that the limitations period in malpractice cases against public defendants is one year under the Tort Immunity Act rather than two years under the medical malpractice statute.

## CONCLUSION

Plaintiffs' claims against Cook County Hospital and its doctors for medical malpractice are governed by the one-year limitations period in section 8—101 of the Tort Immunity Act. Section 8—101 is more specific than section 13—212(a) of the Code in that it applies, without exception, to any actions against public entities and their employees. Accordingly, plaintiffs' actions are time-barred pursuant to section 8—101 of the Tort Immunity Act. Therefore, we find the circuit court erred in denying defendants' motions to dismiss the complaints.

Reversed.

O'MARA FROSSARD, J., concurs.

JUSTICE TULLY, dissenting

I must respectfully dissent as I believe that the two-year limitations period contained in section 13—212(a) of the Code of Civil Procedure (section 13—212(a)) (735 ILCS 5/13—212(a) (West 1996)) controls the case at bar. I further believe that *Cleaver v. Marrese,* 253 Ill. App. 3d 778 (1993), is directly on point and cannot be distinguished from plaintiff's case.

I agree with the majority in its recitation of the law. It is well established in Illinois that if there are two statutory provisions, one general and the other particular, the particular provision must

prevail. However, I cannot accept the conclusion that section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8—101 (West 1994)) prevails over section 13—212(a). Numerous courts in Illinois have found that the statutes, such as sections 13—212 and 13—214, are more specific than section 8—101 of the Tort Immunity Act. See *Walsh v. Barry-Harlem Corp.*, 272 Ill. App. 3d 418 (1995); *Cleaver v. Marrese*, 253 Ill. App. 3d 778 (1993); *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190 (1992); *Heneghan v. Sekula*, 181 Ill. App. 3d 238 (1989); *Desai v. Chasnoff*, 146 Ill. App. 3d 163 (1986). Unfortunately, the majority has declined to accept the reasoning of the ample case law which holds that statutes, such as section 13—212, are the more specific statutes. The majority's reliance on *Feiler* and *Watkins* is misguided, as both of these cases do not even address the issue before us.

I strongly believe that a well-reasoned case directly on point exists, which cannot be ignored or distinguished. In *Cleaver*, the plaintiff filed a medical malpractice action against a doctor and a hospital. The trial court dismissed the plaintiff's complaint because the Tort Immunity Act and its one-year statute of limitations barred the plaintiff's cause of action. *Cleaver*, 253 Ill. App. 3d at 779. On appeal, the appellate court reversed and held that section 13—212 more specifically applied to the present case, which allowed the plaintiff to file within a two-year statute of limitations. *Cleaver*, 253 Ill. App. 3d at 783. The *Cleaver* court articulated:

> "[We] must decide which of the two limitations periods applies to this medical malpractice claim. Section 8—101 of the Tort Immunity Act applies to any local entity, while section 13—212 of the Code of Civil Procedure applies specifically to physicians, dentists, registered nurses, or hospitals. Further, section 8—101 applies to all civil actions, while section 13—212 only applies to actions arising out of patient care. We further note that section 13—212 of the Code was enacted subsequent to section 8—101 of the Tort Immunity Act. This fact is important in that the rule that a specific statutory provision prevails over a general provision is especially applicable where the specific provision was enacted more recently. [Citation.]" *Cleaver*, 253 Ill. App. 3d at 782-83.

Section 8—101 of the Tort Immunity Act has an excessively broad application since it covers *thousands* of public municipalities throughout the state and covers *all types of civil suits* against local government. Therefore, as section 13—212(a) covers only medical malpractice claims, I find this to be the more specific provision and

would apply section 13—212(a) to this particular case. The more specific malpractice statute is controlling here; the one-year requirement for filing a lawsuit referred to in section 8—101 is not.

For these reasons, I respectfully dissent from the majority's view and would affirm the judgment of the circuit court of Cook County.