Walter Ree MURRY, as Independent
Administrator of the Estate of
Carl Hill, et al., Plaintiffs,

v.

Michael F. SHEAHAN, Cook County
Sheriff, in his official capacity,
et al., Defendants.

No. 96 C 3683.

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 23, 1998.

James D. Montgomery, Sheldon R. Sobol,
John Gergets, James D. Montgomery & Associates, Ltd., Chicago, IL, for plaintiffs.

Terry L. McDonald, David S. Meyerson,
Chicago, IL, for Michael F. Sheahan, Jim
Abrams.

Terry L. McDonald, David S. Meyerson,
Edward Snow, Chicago, IL, for Dr. Ting,
County of Cook, Barbara Canty.

## MEMORANDUM OPINION AND ORDER

LEVIN, United States Magistrate Judge.

Pending is certain Defendants' Second Motion to Dismiss.[1] For the reasons set forth
below, this court denies the motion.

### THE ORIGINAL MOTION TO DISMISS

Carl Hill, an asthmatic, was an inmate at
Cook County Jail awaiting trial. The claims
involved here are for medical malpractice,
alleging inadequate care culminating in Mr.
Hill's death.

On June 18, 1996, Plaintiffs filed this lawsuit stemming from Mr. Hill's death on July
2, 1994. On October 9, 1996, certain Defendants filed a Motion to Dismiss before the
then-presiding district court judge, arguing
that Plaintiffs' pendent state law medical
malpractice claims brought against Cook
County and its agents were time-barred by
the one-year statute of limitations contained
in the Local Government Tort Immunity Act
("Tort Immunity Act"), 745 ILCS 10/8–101.
That statute states that:

> No civil action may be commenced in any
> court against a local entity or any of its
> employees for any injury unless it is com-
> menced within one year from the date that

---

1. Essentially, as its original title—"Motion ... to
Reconsider"—denotes, this motion requests the
court to reconsider a ruling by the previously
presiding district court judge. Therefore, this
court will consider this motion as a motion to
reconsider.

the injury was received or the cause of action accrued.

In response to Defendant's motion to dismiss, Plaintiffs asserted that the controlling statute of limitations was the two-year statute of limitations contained in the Illinois Code of Civil Procedure section entitled "Physician or Hospital," 735 ILCS 5/13–212(a). That statute states that:

[N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first[.]

On October 29, 1996, the then-presiding district court judge denied Defendants' motion in part, holding that the two-year "Physician or Hospital" statute of limitations applied to the instant action with respect to the named physicians and nurses.

### THE MOTION TO RECONSIDER

Defendants move to reconsider the prior motion to dismiss ruling. Motions for reconsideration serve a limited function. The Seventh Circuit has stated that:

a motion for reconsideration can perform a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion for reconsideration would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990)

(quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)).

Here, Defendants essentially argue that a significant change in the controlling law requires this court to revisit the original motion to dismiss ruling. Defendants assert that, in ruling on the motion to dismiss, the then-presiding judge relied on *Cleaver v. Marrese,* 253 Ill.App.3d 778, 193 Ill.Dec. 8, 625 N.E.2d 1129 (1993) for the proposition that the two-year statute of limitations period in the Physician or Hospital statute—not the one-year statute of limitations period in the Tort Immunity Act—applied to medical malpractice claims brought against local municipalities or their agents. Defendants note that, after the motion to dismiss ruling, the First District Illinois appellate court, in *Tosado v. Miller,* 293 Ill.App.3d 544, 228 Ill.Dec. 76, 688 N.E.2d 774 (1997), dealt with the same issue and ruled (in a two-to-one decision) that the one-year statute of limitations in the Tort Immunity Act—not the two-year statute of limitations period in Physician or Hospital statute—applied.

Defendants argue that this court must follow the *Toscado* court decision—instead of the *Cleaver* decision [2]—because the First District Appellate Court (the state appellate court wherein this federal district court sits) issued the *Toscado* decision. In the alternative, Defendants argue that this court should adopt the *Toscado* court's reasoning as a predictor of how the Illinois Supreme Court would rule if presented with this issue.

■ When applying state law, a federal district court's role is to attempt to predict how the state supreme court would decide the issue presented. *See, e.g., Allen v. Transamerica Ins. Co.,* 115 F.3d 1305, 1309 (7th Cir.1997); *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1301 (7th Cir.1995). Here, in seeking reconsideration, Defendants do not submit an Illinois Supreme Court case on this issue; instead, Defendants submit a recent Illinois Appellate Court decision. An Illinois appellate court decision, however,

---

**2.** Parenthetically, it is not clear to this court that the presiding district judge relied on *Cleaver v. Marrese* in ruling on the motion to dismiss. Although Plaintiffs clearly argued the *Cleaver* case to the presiding judge and the *Cleaver* case clear-

ly supported the presiding judge's ultimate ruling, the presiding judge did not explicitly rely on *Cleaver* in ruling on the motion. *See* Transcript of Proceedings, October 29, 1996, at p. 24–25.

**1054**

does not, by itself, constitute controlling precedent for this court's prediction of how the Illinois Supreme Court would rule on an issue. *See, e.g., Kaplan v. Pavalon & Gifford,* 12 F.3d 87, 89 (7th Cir.1993) ("Intermediate appellate court cases are useful but not binding evidence of what the Illinois Supreme Court would do in a similar case.").[3] Therefore, a significant change in the controlling law does not exist here which would warrant reconsideration of the previous motion to dismiss ruling.

In any event, having reviewed the relevant authorities and considered the arguments of the parties, this court predicts that, regardless of the *Toscado* opinion, the Illinois Supreme Court would hold that the two-year statute of limitations applies here. Under well established Illinois law, "where there are two statutory provisions, one of which is general and designed to apply to cases generally, and the other is particular and relates to only one subject, the particular provision must prevail." *Hernon v. E.W. Corrigan Constr. Co.,* 149 Ill.2d 190, 195, 172 Ill.Dec. 200, 201–02, 595 N.E.2d 561, 563 (1992). Here, the Physician or Hospital's section of the Illinois Code of Civil Procedure (which was enacted after the Tort Immunity Act), provides a statute of limitations period tailored to a specific cause of action and directed at a specific class of potential defendants: "actions for damages for injury or death against any physician, dentist, registered nurse or hospital." 735 ILCS 5/13–212. In contrast, the earlier Tort Immunity Act provides a statute of limitations period for a broad range of civil actions and potential liabilities: "civil actions against a local entity." 745 ILCS 10/8–101.

A number of Illinois appellate court decisions support the position that the statute of limitations period contained in the Physician or Hospital statute would be deemed more specific by the Illinois Supreme Court. *See, e.g., Cleaver,* 253 Ill.App.3d at 780, 193 Ill. Dec. at 10, 625 N.E.2d at 1131 (holding that Physician or Hospital statute is more specific than Tort Immunity Act); *Walsh v. Barry–Harlem Corp.,* 272 Ill.App.3d 418, 208 Ill. Dec. 558, 649 N.E.2d 614 (1995) (holding that Physician or Hospital statute is more specific than the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/ *et seq.,* because it applies only to medical malpractice actions); *Heneghan v. Sekula,* 181 Ill.App.3d 238, 241, 129 Ill.Dec. 913, 915–16, 536 N.E.2d 963, 966 (1989) (holding that Physician or Hospital statute is more specific than contribution statute of limitations because it applies specifically to doctors and hospitals); *Desai v. Chasnoff,* 146 Ill.App.3d 163, 166–67, 100 Ill.Dec. 138, 139–40, 496 N.E.2d 1203, 1204–05 (1986) (holding that Physician or Hospital statute is more specific than the Uniform Commercial Code, 810 ILCS 5/1–101 *et seq.*).

Accordingly, this court predicts that the Illinois Supreme Court would hold that the two-year statute of limitations period contained in the more specifically tailored Physician or Hospital statute applies in this matter.

### *CONCLUSION*

For the foregoing reasons, the Second Motion to Dismiss brought by Defendants County of Cook, Dr. Ting, M.D., Barbara Canty, R.N. and Ion Abrams, R.N. is denied.

---

3. This court is cognizant that the issue of whether a federal district court judge must follow the Illinois appellate court decisions of the district in which it sits (*e.g.,* the First District Appellate Court here), when considering an Illinois state law issue where a split of authority among the Illinois appellate courts exists, is somewhat unresolved. *Compare Systemax, Inc. v. Schoff,* 972 F.Supp. 439, 440–42 (N.D.Ill.1997) *with Applied Micro, Inc. v. SJI Fulfillment, Inc.,* 941 F.Supp. 750, 753–58 (N.D.Ill.1996). However, the majority of courts which have dealt with this issue have suggested that no particular Illinois appellate court opinion need be given greater precedential value in predicting an Illinois Supreme Court outcome. *See, e.g., Welge v. Planters Lifesavers Co.,* 17 F.3d 209, 213 (7th Cir.1994) ("[O]bviously when state courts of the same level reach opposite conclusions, a federal court ... is not bound to follow either."); *Gates Rubber Co. v. USM Corp.,* 508 F.2d 603, 607 (7th Cir.1975) ("[I]ntermediate appellate court decisions ... may be disregarded if we are 'convinced by other persuasive data that the highest court of the state would decide otherwise.' "); *Applied Micro,* 941 F.Supp. at 753–58 (citing cases).